THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
ANTHONY LAWRENCE DI LORENZO, Appellant.

Argued May 30, 1950; decided July 11, 1950.

*David M. Markowitz* for appellant. I. There was no forgery committed in Queens County. II. Defendant did not commit the crime of grand larceny in Queens County. (*People* v. *Spivak,* 237 N. Y. 460; *People* v. *Bigley,* 178 Misc. 552.) III. Reversal as to forgery requires a reversal of the entire conviction. (*People* v. *Romano,* 253 App. Div. 724, 277 N. Y. 619; *People* v. *Adler,* 272 App. Div. 1032; *People* v. *Rosenberg,* 293 N. Y. 16.)

*Charles P. Sullivan, District Attorney* (*Henry W. Schober* of counsel), for respondent. I. The prosecution was properly instituted in Queens County. (*Stover* v. *People,* 56 N. Y. 315; *People* v. *Galbo,* 218 N. Y. 283; *Goldstein* v. *People,* 82 N. Y. 231; *Knickerbocker* v. *People,* 43 N. Y. 177; *Paige* v. *People,* 6 Parker Cr. Rep. 683; *People* v. *Licenziata,* 199 App. Div. 106; *Strassheim* v. *Daily,* 221 U. S. 280.) II. The submission of the charge of forgery to the jury did not constitute error. (*People* v. *Molineux,* 168 N. Y. 264.)

*Per Curiam.* There is evidence of record sufficient in law to support the judgment insofar·as it convicts the defendant of grand larceny, second degree. (*People* v. *Galbo,* 218 N. Y. 283, 290; *People* v. *Weldon,* 111 N. Y. 569, 576–577; *Goldstein* v. *People,* 82 N. Y. 231, 234–235; *Knickerbocker* v. *People,* 43 N. Y. 177, 179–180; *Stover* v. *People,* 56 N. Y. 315, 317–318). Insofar as the judgment convicts the defendant of forgery, second degree, it is reversed and the third count of the indictment (forgery) is dismissed, upon the ground that the record contains no evidence

that the defendant committed in Queens County the forgery charged.

The judgments should be modified in accordance with the opinion herein, and, as so modified, affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgment accordingly.