THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PATRICK L. FOLEY and CHARLES M. MAINO, Appellants.

Fourth Department, January 13, 1954.

*Paul R. Shanahan* for appellants.

*Jesse E. Cantor, District Attorney (Arthur W. Wilson* of counsel), for respondent.

*Per Curiam.* The defendants-appellants were tried together and each was convicted in the County Court of Onondaga County for the crime of burglary third degree in connection with the alleged entry by the defendants into a building of the Dygert Construction Company in the town of Onondaga, New York, on October 11, 1952; the crime of grand larceny second degree in that the defendants allegedly stole from the said Dygert Construction Company building certain tools of the aggregate value of $250; the crime of burglary third degree in connection with an alleged entry by said defendants into a building of the Solomon Electric Company situate on the same site or plot of ground as the building of the Dygert Construction Company.

It is amply established by the evidence that sometime between 4:30 P.M. on October 10, 1952, and the morning of October 12, 1952, a burglary was committed in the building of the Dygert Construction Company and that certain tools consisting of an electric power hammer, electric saw and two electric drills were stolen therefrom. It is also amply established by the evidence that during the same period of time a burglary was committed in the building of the Solomon Electric Company and a large wrench was stolen therefrom. The stolen property was found

early on the morning of October 12th by police officers where it was concealed adjacent to a fence and some bushes on the north side of the highway in the 300 block of East Seneca Turnpike, Syracuse, New York.

There is no direct evidence as to the identity of the person or persons who committed the burglaries and the larceny, nor is there any direct evidence connecting these defendants with the crimes. The trial court charged the jury: " It is the law that recent and exclusive possession of the fruits of crime, if unexplained or falsely explained, will justify the inference that the possessor is the criminal, where it is demonstrated that a burglary has been committed. Such unexplained or falsely explained recent and exclusive possession by defendants of the stolen property creates a presumption of fact that the defendants not only committed the larceny, but also the burglary." There is no direct evidence that the defendants, or either of them, ever had possession of the stolen property. While the finding of such possession is implicit in the jury's verdict, such possession is founded upon circumstantial evidence.

It appears from the evidence that a Mr. and Mrs. Koch who reside at 328 East Seneca Turnpike, were awakened from their sleep at about four o'clock on the morning of October 12th when they heard a loud crash. They arose from their beds to investigate. They observed two men carrying objects across Seneca Turnpike to the northerly side thereof and coming from the direction of a location on the southerly side of the highway where it later developed that a tree had been struck by a car. These two men placed the objects which they were carrying in some shrubbery beside a fence on the northerly side of the highway substantially opposite the Koch residence. Mr. Koch telephoned to the police and after the car and the two men left the scene Mr. Koch went across the road to the spot where the men had placed the objects and found the wrench, later identified as the wrench taken from the Solomon Electric Company building. Police officers who came upon the scene shortly thereafter found the other objects, later identified as the tools taken from the Dygert Construction Company building. Further evidence firmly establishes a chain of circumstances sufficient to support an inference that the defendants are the men who were seen to place the stolen property beside the fence and shrubbery on the north side of East Seneca Turnpike.

The conviction of the defendants is predicated upon an inference of guilt arising from the unexplained recent and exclusive possession of the fruits of the crime, but such recent and

exclusive possession as above stated also is predicated upon an inference. It has long been the rule that proof of such exclusive and recent possession of stolen property by the defendant is sufficient to throw upon him the burden of showing how he came by it, and if he fails to do so is sufficient to warrant a conviction (*Knickerbocker* v. *People,* 43 N. Y. 177, 179–180; *Stover* v. *People,* 56 N. Y. 315, 317–318; *Goldstein* v. *People,* 82 N. Y. 231, 234; *People* v. *Weldon,* 111 N. Y. 569, 576–577; *People* v. *Galbo,* 218 N. Y. 283, 290; *People* v. *Di Lorenzo,* 301 N. Y. 374).

It is to be observed, however, that in the reported cases upholding that rule, possession of the fruits of the crime has been uniformly established by direct evidence so that the inference of guilt was not subject to the infirmity arising from an inference upon an inference as in the present case. It is a basic rule long adhered to by the courts of this State that when guilt is attempted to be established by circumstantial evidence, the circumstances themselves must be established by direct proof and not left to rest upon inference (*People* v. *Fitzgerald,* 156 N. Y. 253, 258; *People* v. *Place,* 157 N. Y. 584, 594; *People* v. *Razezicz,* 206 N. Y. 249, 269–273, and cases cited).

We reach the conclusion that it was error to permit the jury to draw an inference of guilt which in turn rested upon another inference of recent and exclusive possession of the stolen property. The judgments of conviction therefore may not be sustained.

The judgments should be reversed and a new trial granted.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Judgments of conviction and orders reversed on the law and facts and a new trial granted.

Decision upon reargument, February 5, 1954.

Motion for reargument granted. Upon reargument motion granted to amend remittitur by stating in said remittitur that the judgments of conviction and orders are reversed on the law and a new trial granted instead of on the law and facts.▌

Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.