The People of the State of New York, Respondent, *v.* Frederick Spillman, Alias Robert Sunderland, Frederick Leo Spellman and Fred Williams, Appellant.

Argued October 4, 1955; decided November 17, 1955.

*John McKim Minton* for appellant. I. Defendant's possession of the pistol was not proved beyond a reasonable doubt. (*People* v. *Russo,* 278 App. Div. 98, 303 N. Y. 673; *People* v. *Crenshaw,* 202 Misc. 179; *People* v. *Tropiano,* 294 N. Y. 940; *People* v. *Brasch,* 193 N. Y. 46; *People* v. *Cuozzo,* 292 N. Y. 85; *People* v. *Persce,* 204 N. Y. 397; *People* v. *Leavitt,* 301 N. Y. 113; *People* v. *Wolosky,* 296 N. Y. 236.) II. Defendant's guilt of burglary and larceny was not proved beyond a reasonable doubt. (*People* v. *Foley,* 283 App. Div. 239, 307 N. Y. 490; *People* v. *Galbo,* 218 N. Y. 283.) III. Proof is completely lacking that defendant was in possession of burglar's instruments as a fourth felony offense. IV. The admission in evidence of the newspaper clippings was reversible error. (*People* v. *Molineux,* 168 N. Y. 264; *People* v. *Rosenthal,* 289 N. Y. 482; *People* v. *Kress,* 284 N. Y. 452.) V. It was error to admit proof of defendant's prior convictions as part of the People's case. *People* v. *De Santis* (305 N. Y. 44), relied upon by the People, should be reversed because the rule there enunciated is archaic and only productive of injustice and because it deprives defendant of procedural due process required by the State and Federal Constitutions. (*People* v. *Sickles,* 156 N. Y. 541; *Johnson* v. *People,* 55 N. Y. 512; *People* v. *Gowasky,* 244 N. Y. 451; *Matter of Grifenhagen* v. *Ordway,* 218 N. Y. 451; *Woods* v. *Lancet,* 303 N. Y. 349; *People* v. *Morton,* 284 App. Div. 413.)

*T. Vincent Quinn,* District Attorney (*George J. Regan* of counsel), for respondent. I. Defendant's possession of the pistol was proved beyond a reasonable doubt. (*People* v. *Brasch,* 193 N. Y. 46; *People* v. *Panitz,* 251 App. Div. 276.) II. Appellant's guilt of burglary and larceny was proved beyond a reasonable doubt. (*Knickerbocker* v. *People,* 43 N. Y. 177; *People* v. *Spivak,* 237 N. Y. 460; *People* v. *Di Lorenzo,* 301 N. Y. 374; *People* v. *Galbo,* 218 N. Y. 283; *Stover* v. *People,* 56 N. Y. 315; *Goldstein* v. *People,* 82 N. Y. 231; *People* v. *Rogan,* 223 App. Div. 242, 249 N. Y. 544; *People* v. *Silinsky,* 235 App. Div. 289; *People* v. *Berger,* 260 App. Div. 687; *People* v. *Sobin,* 179 Misc. 999; *People* v. *Vaccarella,* 257 App. Div. 461.) III. It was proper to admit proof of defendant's prior convictions as part of the People's case. (*People* v. *De Santis,* 305 N. Y. 44; *People* v. *Gowasky,* 244 N. Y. 451.) IV. There was sufficient evidence to convict defendant of the possession of burglar's tools. (*People* v. *Morgan,* 59 Hun 619.) V. The newspaper clippings were properly received in evidence in the absence of a valid objection; and though error was committed in refusing at the end of the case to strike them from the evidence, it was not prejudicial to defendant on the circumstances of this case. (*People* v. *Cummins,* 209 N. Y. 283.) VI. The credibility of the witnesses is a question primarily for the trial court. (*People* v. *Sanducci,* 195 N. Y. 361; *People* v. *Gaimari,* 176 N. Y. 84.)

VAN VOORHIS, J. Defendant has been convicted of: (1) burglary, third degree; (2) petit larceny; (3) carrying a dangerous weapon as a felony; (4) possession of burglar's instruments as a felony; (5) unlawful possession of a dangerous weapon as a felony and (6) carrying a dangerous weapon as a felony; all as fourth felony offenses, except that of petit larceny.

In September, 1948, the Fealy home in Springfield Gardens was burglarized. This occurred while Mrs. Fealy was attending the funeral of her husband. The property taken by the burglar was a pistol which had been legally possessed by the late Mr. Fealy, and which had been kept in a holster in one of the bureau drawers. This pistol was found in the luggage compartment of an automobile owned by defendant's wife to which defendant had a set of keys. There is testimony of an admission by defendant that he had recently bought the pistol from one Moore.

Defendant maintained that: (1) His possession of the pistol was not proved beyond a reasonable doubt. He argues that the presumption created by section 1898-a of the Penal Law that " The presence in an automobile * * * of * * * a pistol * * * shall be presumptive evidence of its illegal possession by all the persons found in such automobile at the time such weapon * * * is found " is inapplicable here for the reason that the car was the property of his wife, he was not in the car when the police placed him under arrest, the pistol was not found in the car until it was searched at the station house after defendant had been arrested, and that he was in the car then only because the police had ordered him to get into it and to drive it to the station.

(2) His guilt of burglary and larceny was not proved beyond a reasonable doubt. He argues that the testimony does not point inevitably to the recent and exclusive possession by him of the pistol which was stolen from the Fealy residence.

(3) Proof is lacking that he was in possession of burglar's instruments as a fourth felony offense. The articles in question were two pairs of rubber gloves and a claw hammer.

(4) The admission in evidence of certain pages of newspapers containing obituary columns found in a dresser in defendant's apartment, was reversible error. It is claimed that since the clippings were dated November 4th and 5th, they could not have related to the burglary of the Fealy residence, which occurred not later than September 15th, and that the only purpose in their introduction into evidence was to cause the jury to infer that defendant made a practice of burglarizing dead people's homes during their funerals.

(5) It was error to admit proof of defendant's prior convictions as part of the People's case. Defendant argues that *People* v. *De Santis* (305 N. Y. 44) should be overruled.

With one exception, the charges against defendant all depend upon the People's establishing that defendant was found in possession of a revolver which was discovered in the compartment of his wife's car. The one other count in the indictment, charging possession of burglar's instruments as a felony, must be dismissed inasmuch as rubber gloves and a claw hammer, by themselves, are not burglar's tools. The contention cannot be sustained that since these instruments *could* be used in commit-

ting burglary, therefore they are tools of this description. It is admitted that they would not be subject to that characterization if found in the possession of an honest man, but it is asserted that they become contraband when possessed by one who would be likely to use them to commit burglary, i.e., that they are burglar's tools only when in the possession of a burglar. The law does not indulge in that assumption, at least in the absence of evidence that they have been used by defendant in the commission of burglary.

The other counts in the indictment depend, as has been stated, upon possession by defendant of this revolver. He was not in the automobile when the police arrived at his premises; consequently section 1898-a of the Penal Law does not apply. It renders the presence in the automobile of the pistol " presumptive evidence of its illegal possession by all the persons found in such automobile at the time when such weapon * * * is found ". In this instance, defendant was not in the automobile. The circumstance that he entered it at the police officer's command and drove it to the station house, does not spell out guilty presence in the vehicle so as to give effect to section 1898-a (*People* v. *Russo*, 303 N. Y. 673; *People* v. *Tropiano*, 294 N. Y. 940).

Nevertheless, the fact is established that this revolver was discovered in the compartment of defendant's wife's automobile, to which defendant had a key, and, although this in itself does not demonstrate that defendant had possession, his admissions to the police officers are in evidence that he had bought this weapon a short time previously. Do these circumstances, coupled with this admission, constitute evidence of possession in defendant apart from section 1898-a of the Penal Law which has been discussed?

Insofar as the charges of burglary, third degree, and of petit larceny are concerned, recent and exclusive possession of this pistol (which is the article claimed to have been stolen in connection with the burglary) would be evidence that defendant was the burglar and the thief (*People* v. *Galbo*, 218 N. Y. 283, 290; *People* v. *Spivak*, 237 N. Y. 460, 461; *People* v. *Di Lorenzo*, 301 N. Y. 374, 375); whereas, on the charges of possessing and carrying a dangerous weapon without a written

permit in violation of subdivisions 4 and 5 of section 1897 of the Penal Law, possession is not merely evidence but is the essence of the crime itself — the *corpus delicti*. We shall consider first whether the evidence in the record is sufficient to sustain the latter charges.

Section 395 of the Code of Criminal Procedure provides that the confession of a defendant is not enough to warrant his conviction without additional proof that the crime charged has been committed. Insofar as defendant is charged with violation of subdivisions 4 and 5 of section 1897 in possessing or carrying this revolver without a written permit, it would not be sufficient to sustain his conviction merely that the jury believed his admissions that he had previously bought this weapon from Moore. There has to be " additional proof that the crime charged has been committed." The immediate question is whether the presence of this pistol in defendant's wife's automobile in a compartment to which defendant had a duplicate key, supplies this additional proof required by section 395 of the Code of Criminal Procedure. In *People* v. *Cuozzo* (292 N. Y. 85), this court held that the remains of the body of a girl who had been run over by a railroad train had no tendency to prove that she had met her death by criminal means. Therefore, it was held that the conviction of murder in the first degree depended entirely upon the confession of the defendant that he had struck her on the head and placed her body on the track. There was held to have been no evidence in addition to the confession to prove the *corpus delicti,* which meant, in that case, that the discovery of the mangled body of the deceased after being run over by the train supplied no circumstantial evidence that she had been the victim of foul play. The conviction was reversed for the reason that there was no proof independent of the confession that the crime charged had been committed. If there had been independent proof that the crime charged had been committed by someone, the defendant's confession would have been sufficient to have connected him with its perpetration (*People* v. *Roach,* 215 N. Y. 592; *People* v. *Brasch,* 193 N. Y. 46; *People* v. *Jaehne,* 103 N. Y. 182, 199). The rule of these cases was applied in *People* v. *Lytton* (257 N. Y. 310) to the situation where a homicide was proved by independent evidence, but the

defendant's conviction of felony murder was otherwise upheld on his confession that he had shot the deceased while engaged in the commission of a burglary.

In the present instance, we are confronted with a situation where a revolver licensed in the name of Fealy was found in the locked compartment of an automobile belonging to defendant's wife. It thus appears that Fealy, but neither defendant nor his wife, had a written permit to possess this weapon. It was not in Fealy's possession when it was discovered in defendant's wife's automobile. Therefore, the crime of possessing a dangerous weapon in violation of subdivision 4 of section 1897 of the Penal Law was established by independent evidence to have been committed by someone. When coupled with the fact that defendant had access to the compartment where this gun was contained by the possession of a duplicate key, his statements to the police officers that he had bought it a short time previously are sufficient, in our view, to satisfy the requirements of section 395 of the Code of Criminal Procedure. It could be found by the trial court that this weapon was within the immediate control and reach of the accused, available for unlawful use if desired (*People* v. *Persce,* 204 N. Y. 397). The statement by defendant to the police officers that it was his gun connected him with the crime of unlawful possession which independent evidence established was being committed by someone. *People* v. *Lo Turco* (256 App. Div. 1098, affd. 280 N. Y. 844) is to the same effect. There two revolvers were found in a yard next door to a defendant's residence, where they had been concealed in a barrel by the defendant's wife just prior to the police officer's visit. This was held to have been sufficient corroboration of his admission to the arresting officer that he had brought these revolvers from Yonkers to his residence in Brooklyn and liked " to play with them * * * and do some shooting ".

Recent and exclusive possession, made out by the admissions coupled with these other circumstances, would be enough to sustain defendant's conviction of burglary, third degree, and petit larceny (*People* v. *Galbo, supra; People* v. *Spivak, supra; People* v. *Di Lorenzo, supra*).

Whether a new trial should be granted on account of errors in the admission of evidence presents another question. The introduction into evidence of the pages of newspaper obituary

columns found in the dresser of defendant's bedroom constituted error. These were dated November 4th and 5th, more than six weeks subsequent to this burglary, and the only purpose of their introduction into evidence was to convey to the jury the idea that burglarizing Mr. Fealy's apartment at the time of his funeral conformed to a pattern of conduct which defendant was pursuing in the case of other persons to burglarize their houses while they were being buried. Such proof violates the settled rule excluding evidence of similar, distinct crimes (*People* v. *Molineux,* 168 N. Y. 264; *People* v. *Rosenthal,* 289 N. Y. 482, 488).

The count should be dismissed which charges possession of burglar's instruments as a felony. Defendant's conviction of possessing a dangerous weapon as a felony, burglary, third degree, and petit larceny should be reversed and a new trial granted due to error in the admission into evidence of the obituary notices. There is no evidence that this weapon was carried concealed on defendant's person, consequently the charges of " carrying " as distinct from possession in violation of subdivision 4 of section 1897 of the Penal Law must be dismissed.

The judgments, insofar as they convict defendant of the crimes of carrying a dangerous weapon as a felony and possession of burglar's instruments as a felony, should be reversed and counts 3, 4 and 6 of the indictment dismissed and, insofar as they convict defendant of the crimes of burglary, third degree as a felony, petit larceny and unlawful possession of a dangerous weapon as a felony, reversed and, as to counts 1, 2 and 5, a new trial ordered.

CONWAY, Ch. J., FULD and BURKE, JJ., concur with VAN VOOR-HIS, J.; DESMOND, J., dissents as to the count charging the possession of a dangerous weapon, and votes to dismiss that count upon the ground that there was no sufficient proof of guilt thereof; DYE and FROESSEL, JJ., taking no part.

Judgments reversed, etc.