■ In the Matter of HELEN LAWLESS, Respondent, against NEW YORK CITY TRANSIT AUTHORITY, Appellant.— Order granting respondent's application for leave to serve a notice of claim *nunc pro tunc*, after the expiration of the period fixed by section 50-e of the General Municipal Law, affirmed, with $10 costs and disbursements. The record establishes that respondent was mentally and physically incapacitated during the time within which the notice of claim was required to be served and by reason of such disability failed to serve the notice within that time. (Cf. *Matter of Rosenberg* v. *City of New York*, 309 N. Y. 303; *Matter of Simone* v. *County of Westchester*, 277 App. Div. 1008, and *Matter of Gehr* v. *Board of Educ. of City of Yonkers*, 282 App. Div. 880.) Upon the facts shown in this record, there was no abuse of discretion by Special Term in finding, in effect, that the application was made within a reasonable time after the expiration of the statutory period. (Cf. *Matter of Simone* v. *County of Westchester*, *supra.*) Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

■ In the Matter of OSCAR LEVINE, Appellant, against CHARLES ABRAMS, as State Rent Administrator, Respondent.— Proceeding to review a determination of the State Rent Administrator, which denied the landlord's protest of a determination of the local rent administrator in Brooklyn fixing the maximum rent of the subject apartment. The landlord appeals from an order denying his petition and dismissing the proceeding. Order reversed, without costs, and matter remitted to respondent for fixation of maximum rent consistent with the views hereinafter set forth. Respondent's action was improper, arbitrary and capricious. For fifteen years prior to February, 1954, the apartment in question, the only five-room unit in the building, had been occupied by a superintendent, and no emergency rent had been fixed therefor. In that month, appellant leased said apartment for a term of two years and one-half month at a rental of $85 a month, and filed a report on statutory decontrol with the Temporary State Housing Rent Commission. The local administrator rejected said report on the ground that former occupancy by a superintendent is not a valid reason for decontrol and fixed the maximum monthly rent on the basis of comparable rentals, using as guides the four-room apartments in the building. Taking as a base a rent of $45 for four rooms, there was added $9 (20% of $45) for the fifth room, together with $8.10 (15% of $54) and $9.31 (15% of $62.10) pursuant to the State Residential Rent Law (L. 1946, ch. 274, as amd., § 4, subd. 3-a; subd. 4, par. [a], cl. [4]). The resultant total of $71.41 was rounded out to $72, from which was deducted $2 because the tenant had furnished a cooking stove, and the emergency rent was fixed at $70. For reasons that follow, the amount fixed is improper. It appears that the maximum rents, on the freeze date, of the eight four-room apartments in the building were $50 for five, $48 for two, and $45 for only one. Concerning the $45 apartment, the landlord claimed that the tenant at the time was a widow and could not pay more, and, in fact, by supplemental registration, the maximum rent thereof was fixed at $50 on May 29, 1944. It is further alleged that the five-room apartment herein is in a choice part of the building. Accordingly, when considering the matter upon the remission, respondent should take these factors into account in determining the proper amount to be used as a basic rental for four rooms and should also consider appellant's claim that he reimbursed the tenant for the stove. In addition, an obvious miscalculation was made, which should not be repeated, for at $45 for four rooms, the rental would be $11.25 a room (25% of $45), not $9 (20% of $45) as allowed. Nolan, P. J., Wenzel, Schmidt, Murphy and Ughetta, JJ., concur.