THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT FLORIO, Appellant.— Appeal from a judgment of the Court of Special Sessions of the City of New York, Borough of Queens, convicting appellant of violations of section 1897 of the Penal Law and sentencing him to imprisonment for one year, and from said sentence. The information charges violations of section 1897 of the Penal Law, in four counts as follows: that appellant and one Thomas Eugene Moran, each aiding the other, without a written license: (1) had in his possession a pistol and revolver of a size which might be concealed upon the person, (2) had and carried concealed upon his person a pistol and revolver, (3) with intent to use the same, unlawfully carried and possessed a dangerous and deadly instrument and weapon, a pistol and revolver and imitation pistol, and (4) attempted to use an imitation pistol against another. The action was severed as to Moran and the trial proceeded against appellant. Moran testified for the prosecution. Judgment insofar as it convicts appellant on the second, third, and fourth counts of the information reversed on the law and the facts, action as to those counts severed, and information as to those counts dismissed. Judgment insofar as it convicts appellant on the first count of the information affirmed, and sentence of one year in the New York City

Penitentiary approved and affirmed as punishment for commission of the crime of possession, without a license, of a pistol of a size which might be concealed on the person. The evidence was sufficient and justified the conviction as to the first count which charged possession. (*People* v. *Logan*, 276 App. Div. 1029; *People* v. *Russo*, 278 App. Div. 98, affd. 303 N. Y. 673.) The evidence, however, was insufficient as to the second count, which charged carrying (*People* v. *Spillman*, 309 N. Y. 295; *People* v. *Logan*, *supra*), and was likewise insufficient as to the third and fourth counts which charged respectively that appellant " carried and possessed a dangerous * * * weapon " with intent to use the same, and that he attempted to use an imitation pistol against another. (*People* v. *Logan*, *supra*.) No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment. Nolan, P. J., Beldock, Hallinan and Kleinfeld, JJ., concur; Murphy, J., concurs in the reversal of the judgment insofar as it convicts appellant on the second, third, and fourth counts of the information and in the dismissal of the information on those counts, but dissents from the affirmance of the judgment insofar as it convicts appellant on the first count of the information, and, as to that count, votes to reverse the judgment and to dismiss the information, with the following memorandum: The guilt of appellant regarding possession of a gun was not proved beyond a reasonable doubt. The accomplice, Moran, had become a witness for the prosecution and testified that appellant knew the gun was in the car, although Moran had told the police officer at the time of the arrest that appellant knew nothing of the presence of the gun in the car. Moran's testimony was unworthy of belief; he was trying to save himself. *People* v. *Logan* (276 App. Div. 1029) and *People* v. *Russo* (278 App. Div. 98, affd. 303 N. Y. 673), cited by the majority, are clearly distinguishable. In the *Logan* case one pistol was found on the floor in the rear of the car and another was found on the person of an accomplice. In the *Russo* case a loaded pistol was found on the ledge behind the rear seat of a car, and Russo admitted that he knew the pistol was in the car. Appellant here insistently denied he knew there was a gun in the car.