Respondent disbarred.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAMUEL ULISANO, Appellant.

Third Department, May 9, 1963.

*Albert G. Bottieri* for appellant.

· *D. Vincent Cerrito, District Attorney* (*Howard A. Levine* of counsel), for respondent.

HERLIHY, J.   The defendant appeals from a judgment of conviction by a jury of gambling in violation of the Penal Law and from the resulting sentences.

Defendant was indicted and convicted in Schenectady County on four counts.  *One,* operating a policy business in violation of section 974-a of the Penal Law, sentence of one to two years in Clinton Prison; *two,* possession of policy slips in violation of section 975, sentence suspended; *three,* book-making in violation of section 986, sentence of one year in the county jail; and *four,* possession of book-making records in violation of section 986-b, sentence suspended.  The one-year sentence for book-making was imposed concurrently with the one to two years in Clinton State Prison.

The facts are not contradicted.  The indictment alleged that all of the gambling activities took place at 721 Albany Street in the City of Schenectady.  On the afternoon of March 6, 1961 members of the Special Police Squad of the City of Schenectady, pursuant to a search warrant, entered the business place of the defendant located at 721 Albany Street and made a search of the premises and the persons present, but found no evidence of gambling.  Simultaneously, other members of the Special Squad

went to the home of the defendant at 235 Marshall Avenue. Shortly thereafter a Mr. Mauceri arrived at defendant's home carrying two large white envelopes. Upon inspection by the police, it was found that one envelope contained policy slips for over 200 plays and money in the amount of $244 in bets. In the other envelope there were book-making slips on horses and money in the amount of $519.30. Mr. Mauceri was arrested and with the wife of the defendant, who was present on the premises, taken to City Hall. This information was relayed to the police at 721 Albany Street who in turn advised the defendant of the happening at his home. When the police were about to leave 721 Albany Street the defendant asked if he might accompany them to City Hall. On the way he stated that his wife had nothing to do with the operation and he would assume the blame if she were not brought into the matter.

When all of the principals gathered at City Hall Mr. Mauceri, under arrest and in the presence of the defendant, stated to the police officers that the defendant had given him the envelopes at the Albany Street address. The defendant thereafter signed a statement wherein he admitted that for more than one year he had accepted policy and horse race bets at 721 Albany Street and had put the March 6 bets into two envelopes which Mr. Mauceri had in his possession at the time of his arrest.

The first count of the indictment charged violation of that part of section 974-a of the Penal Law which states: "Any person who knowingly keeps, occupies or uses a place, building, room or establishment   *   *   *   for the purpose of receiving in any one day   *   *   *   written records of more than one hundred plays or bets made over any period of time in what is commonly called 'policy' or 'the numbers game'   *   *   * shall be guilty of a felony". The indictment alleged: "The said defendant   *   *   *   did wrongfully, unlawfully and knowingly keep, occupy and use a building, room or establishment for the purpose of receiving money and written records of more than one hundred plays or bets in what is commonly called 'policy' or 'numbers game.'"

The constitutionality of this new section of the Penal Law (L. 1960, ch. 548) is attacked by defendant on the ground that the language of the section is "not readily nor easily understood. It is technical, vague, uncertain, ambiguous, indefinite and cannot be interpreted." In light of our decision here it is not necessary that we deal with this contention. However, we feel constrained to opinion that the section is constitutional within the standard of definiteness approved by the United States Supreme Court in *Boyce Motor Lines* v. *United States*

(342 U. S. 337, 340): "A criminal statute must be sufficiently definite to give notice of the required conduct to one who would avoid its penalties, and to guide the judge in its application and the lawyer in defending one charged with its violation. But few words possess the precision of mathematical symbols, most statutes must deal with untold and unforeseen variations in factual situations, and the practical necessities of discharging the business of government inevitably limit the specificity with which legislators can spell out prohibitions. Consequently, no more than a reasonable degree of certainty can be demanded."

The defendant's conviction for operating a policy establishment, as well as on the other counts, was based upon his confession which we find was not the result of psychological coercion as alleged by the defendant but was voluntarily given. As such the confession was properly admitted and the sole remaining question is whether that confession was sufficiently corroborated by additional proof so as to sustain the convictions (see Code Crim. Pro., § 395).

The corroboration required by section 395 must be such independent evidence as will establish the corpus delicti or the body of the crime without any reliance upon the confession itself. Simply stated the evidence which is independent of the confession must establish each and every element of the crime and then the confession may be used to show that the crime, independently established, was committed by the confessing defendant (*People* v. *Roach,* 215 N. Y. 592, 600; *People* v. *Palmer,* 109 N. Y. 110, 114; see, also, *People* v. *Benham,* 160 N. Y. 402, 425). It is sufficient with the notable exception of proving death by direct evidence in a homicide case, that the evidence establishing the corpus delicti is circumstantial rather than direct (*People* v. *Spillman,* 309 N. Y. 295, 301).

The crime or delictum of operating a policy establishment, pursuant to section 974-a of the Penal Law, has a two-part body or corpus, the establishment and using the establishment for the purpose of there receiving in any one day written records of over 100 plays. The documentary evidence contained in the envelope established the second part. However, there is absolutely no independent evidence that defendant kept an establishment for the purpose of receiving policy plays or bets. The only proof, other than defendant's own written and oral confessions, of an *establishment* at the Albany Street address was the statement made by Mr. Mauceri in defendant's presence that defendant had given him the envelopes at the Albany Street address. However, as Mr. Mauceri never took the stand the evidence of this statement was no more than a reiteration of

the confession by defendant and, thus, has no effect as independent corroborating testimony.

As the body of the crime was not independently established, defendant was improperly convicted and the judgment of conviction should be reversed on the law and the facts, and the indictment dismissed.

Counts two and four refer to possession of policy slips and book-making records and, as *establishment* (721 Albany St.) is not an element of these crimes but is merely surplusage in the indictment, the corpus delicti has been adequately established by independent evidence. The finding of the slips and records in Mr. Mauceri's possession at the home of .the defendant was sufficient independent evidence that the two possession crimes were being committed. In *People* v. *Wolosky* (296 N. Y. 236, 239 [possession of policy slips]) the court stated: " ' possession ', means possession in fact, physical possession, *actual custody or control* of articles of personal property capable of being physically held." (Emphasis supplied.) In *People* v. *Spillman* (*supra,* p. 301) the court stated: " [P]ossession is not merely evidence but is the essence of the crime itself — the *corpus delicti.*" Thus, the corpus delicti or crime itself was proven. Defendant's confession was then properly considered. It established that defendant had committed the possession crimes as alleged.

Similarly the charge of book-making (count three) was sustained by finding the book-making records at defendant's home in another's possession and defendant's confession again established him as the wrongdoer or the perpetrator of the corpus delicti.

The judgment of conviction as to counts numbers two, three and four should be affirmed.

It is apparent that the County Court, in sentencing defendant, was primarily considering the felony conviction. With count number one, the felony count, reversed and dismissed, we determine that the sentences of the County Court as to counts number two, three and four should be modified and the defendant sentenced on each count to the Schenectady County Jail for a period of six months, the sentences to run concurrently with credit for any time already served, and as thus modified the judgment of conviction as to counts two, three and four should be affirmed.

BERGAN, P. J., COON and REYNOLDS, JJ., concur.

Judgment of conviction as to count numbered one reversed, on the law and the facts, and that count in the indictment is dismissed.

Judgment of conviction as to counts numbered two, three and four affirmed, and the sentences thereon are hereby modified and the defendant is sentenced on each count to the Schenectady County Jail for a period of six months, the sentences to run concurrently with credit for any time already served.