■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM D. TERRY, Appellant.— Appeal from a judgment of the County Court of Albany County, rendered on May 11, 1972, upon a verdict convicting defendant of the crimes of burglary, second degree and possession of burglar's tools. Defendant was apprehended during the early morning hours in the pantry of a private dwelling house in the City of Albany. A search of his person found him in possession of a kitchen type paring knife with the tip cut off. The complaining witness, owner of the premises, did not recognize the knife as being his own property. Examination of the exterior of the premises disclosed that a screen had been cut and an inside window partially cracked at the ground level of the house. The basement door had been forced open, breaking the latch on the door. Following indictment and trial by jury, defendant was convicted of burglary, second degree and possession of burglar's tools. Upon this appeal, he argues there was insufficient evidence to sustain the conviction, since there was no proof that defendant entered a dwelling with intent to commit a crime therein. It was his contention that he was looking for a party and entered the wrong house because of his intoxicated condition. A number of witnesses, testifying in his defense, supported these contentions. The jury rejected this testimony, and we are left with the question of whether, under these particular circumstances, the necessary intent can be found to support the conviction. This court has, on prior occasions, held that, as a general rule, the requisite intent may be inferred from the circumstances of the entry (*People* v. *Miles,* 41 A D 2d

804; *People* v. *Oliver*, 4 A D 2d 28, affd. 3 N Y 2d 684). In this case, with evidence of a forced entry, the surrounding circumstances permit the inference of the necessary intent that is sufficient to sustain the convictions. (*People v. Spillman*, 309 N. Y. 295.) Judgment affirmed. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ., concur.