■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD J. BOSTWICK, Appellant. — Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered November 30, 1981, upon a verdict convicting defendant of the crimes of burglary in the second degree, two counts of burglary in the third degree, petit larceny and unauthorized use of a motor vehicle. On May 16, 1981, defendant burglarized the unoccupied Gunnar Anderson residence in the Town of Maryland; he also broke into the garage and equipment shed located on the premises. These actions were prompted by defendant's desire to use the Anderson's jeep to extricate his automobile which was bogged down in roadside mud. Defendant admitted entering the Anderson home to find the keys to the jeep and using the jeep and a chain owned by Mr. Anderson to drag his car out of the mud. He also acknowledged stealing some gas and removing a motorcycle from the nearby equipment shed, leaving it on the Anderson's lawn. Corroboration for a burglary conviction was provided by the Anderson's neighbors who saw defendant when his car first became stuck and who discovered the break-in the next day. In addition, defendant had returned the jeep to the Anderson garage after using it, leaving incriminating tire tracks from the point where his car had been bemired to the Anderson garage. Finally, a piece of Mr. Anderson's chain was found where defendant's car had been located; the rest of the chain was discovered in the jeep. Defendant challenges his conviction for burglary in the second degree, claiming there was no corroboration of his confession that the burglary occurred at night. Burglary in the second degree, as it existed at the time of the offense, required that the "entering or remaining" in the Anderson's dwelling occurred at night (Penal Law, § 140.25). On the day of the crime, defendant was last seen next to his immobile car at 5:00 P.M. The burglary was not detected until approximately 10:00 A.M. the following morning. Here, as there is no evidence, dehors the confession, that a crime was committed at the Anderson residence during the nighttime hours, the conviction for second degree burglary cannot stand (*People v Ruckdeschel,* 51 AD2d 861; *People v Ulisano,* 18 AD2d 432). We find inacceptable, however, defendant's assertion that the trial court's *Sandoval* ruling, which allowed cross-examination on the fact that defendant had previously been convicted of two felonies but prohibited inquiry into the nature of these offenses (both were burglaries), constituted a denial of defendant's due process rights. There is no abuse of discretion per se in such a ruling (*People v Young,* 77 AD2d 672), as long as the court properly considers the appropriate factors in arriving at its determination (see *People v Williams,* 56 NY2d 236). Although a more detailed statement of the reasons underlying the ruling would have been desirable, its absence worked no meaningful prejudice to defendant's case. The overwhelming evidence of his guilt, consisting chiefly of his detailed admission made not only before but during the trial, renders any error in the *Sandoval* ruling inconsequential (see *People v Shields,* 46 NY2d 764). Judgment modified, on the law, by reducing defendant's conviction of the crime of burglary in the second degree to burglary in the third degree, and, as so modified, affirmed; matter remitted to the County Court of Otsego County for resentencing in accordance herewith. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.