■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK E. STERLING, Appellant. — Appeal from a judgment of the Supreme Court at Trial Term (Kuhnen, J.), rendered March 26, 1982 in Broome County, upon a verdict convicting defendant of the crime of burglary in the second degree. Defendant was convicted of burglarizing a Binghamton residence at approximately 3:00 A.M. on December 16, 1981. The occupants, awakened by noises coming from the downstairs dining room, telephoned the police who arrived almost immediately and were able to apprehend defendant by following footprints he had left in the freshly fallen snow. Of the issues raised on appeal, only two, involving evidentiary rulings by the trial court, need be discussed. Initially, it is contended that an erroneous and unfairly prejudicial *Sandoval* ruling deterred defendant from taking the stand on his own behalf. The court concluded that the prosecution would be permitted to cross-examine defendant about the fact

that he had been convicted previously of one felony and four misdemeanors. However, because several of the previous convictions (burglary and larceny) were similar in nature to the charge for which he was being tried, the prosecutor was allowed to ask only as to the number of convictions, but prohibited from inquiring into either the nature of those convictions or the conduct which led to them. Also foreclosed was any inquiry into two youthful offender burglaries, a pending petit larceny charge, and another burglary charge which had been dismissed on the condition that defendant undergo alcohol rehabilitation. As required, the court undertook to balance the probative value of the evidence for impeachment purposes against the danger of unfair prejudice (*People v Williams*, 56 NY2d 236). While the approach adopted by the trial court contains the risk that a jury might seize upon the number of convictions to infer criminal propensity, we find no impropriety per se in limiting the inquiry to the number and general category of defendant's convictions (*People v Bostwick*, 92 AD2d 697; *People v Hicks*, 88 AD2d 519; *People v Bermudez*, 98 Misc 2d 704). Where, as here, the offenses involved are not overpowering by reason of their sheer number, the court obviously exercised its discretion to protect defendant, and the prior convictions themselves, though not unlike the one on trial, might have been examined in greater depth (see *People v Sorgente*, 90 AD2d 559). Defendant also assigns reversible error to the court's receipt of certain rebuttal testimony. At trial, defendant's mother, accounting for her son's presence at the scene, testified that she had suggested to him sometime earlier that in the course of performing early morning snow shoveling chores he also sweep snow from his great aunt's car which was located near the burglarized home. In rebuttal, the prosecution called the detective who interviewed the mother shortly after defendant's arrest. He stated that the mother specifically denied making any such suggestion. Over defense objection, the People went on to bring out further that the detective observed bootprints in the snow in the area of, but not leading into or from, a nearby camper where it had been implied by the mother that her son slept before setting out on his snow shoveling tasks. Because the latter statement did not serve to deny an affirmative fact which defendant had endeavored to prove, it was not proper rebuttal testimony (*People v Harris*, 57 NY2d 335, 345). This conclusion does not, however, mandate a reversal. CPL 260.30 (subd 7) bestows on the trial court discretion to permit introduction of evidence during rebuttal which is not technically of a rebuttal nature (see *People v Harris, supra*). The detective's statement falls into this category. We have considered defendant's other arguments and find them wanting. Judgment affirmed. Sweeney, J. P., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.