■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST J. DUKETT, Appellant. — Casey, J.

Defendant's convictions arose from his attempt to pass four tablets containing oxycodene, an opium derivative and a controlled substance, to an inmate of the Albany County Jail during a visit on February 28, 1982. The tablets were concealed in the waistband of two trousers that Maria Trickey, who had accompanied defendant on his visit, actually gave to prison officials for inspection and delivery to the inmate. Trial testimony conflicted as to whether defendant or Trickey had possession of the trousers last and no direct evidence established that defendant actually placed the drugs in the trousers. The jury found defendant guilty of the lesser included offense of attempted criminal sale of a controlled substance in the third degree, and guilty of the other two counts charged in the indictment. Defendant was sentenced to 3⅓ to 10 years on the attempted sale conviction, 3⅓ to 10 years on the criminal possession conviction and 2⅓ to 7 years for the promotion of prison contraband conviction, all sentences to run concurrently. Defendant did not testify at trial.

On this appeal, defendant argues that he was prevented from taking the stand because the trial court had ruled at the *Sandoval* hearing, held on November 3, 1982 prior to trial, that defendant could be interrogated about two 1972 convictions, one for possession of stolen license plates and one for offering a bad check, as well as the facts underlying those convictions. Additionally, and midway through the trial, the court ruled outside the jury's presence that defendant's prior act in January 1982 of giving a 50-year-old woman a drink containing five valium tablets was vicious and admissible for impeachment purposes if defendant elected to testify.

We find no abuse of discretion in the initial ruling of the trial court. Both 1972 convictions displayed defendant's continued willingness to place his own interests above those of society and were appropriate injuries for examination since the crimes were not too remote in time and place and different elementally from the crimes charged, precluding the jury from concluding that

defendant had a propensity to commit the type of crime charged (*see, People v Smith,* 59 NY2d 156, 167-168; *People v Bostwick,* 92 AD2d 697). Significantly, the trial court excluded several other prior convictions of defendant as being too remote and lacking probative value.

We also find no abuse of discretion in the trial court's ruling that defendant could be queried on cross-examination about his giving a 50-year-old woman a drink containing five valium tablets in January 1982, but that the prosecution would be bound by defendant's answer (*see, People v Coleman,* 56 NY2d 269). We deem the question concerning a prior vicious act not too remote in time to be admissible on the issue of defendant's credibility (*People v Duffy,* 36 NY2d 258, 262).

The trial evidence was sufficient to support the jury's verdict and we find no substantial error in the record. Accordingly, defendant's judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.