■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LYONS, Appellant.—Appeal by defendant from a judgment of the County Court, Rockland County (Gallucci, J.), rendered December 29, 1981, convicting him of assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant's conviction of the crime of assault in the second degree (two counts) arose out of an incident which occurred at approximately 11:00 P.M., on March 15, 1981 in the parking lot of a restaurant in New City, New York. It was the theory of the prosecution that during an altercation at the aforementioned time and place, John Santantonio and Timothy Reilly were assaulted and injured by the defendant.

In his own behalf, defendant interposed a defense of justification (Penal Law § 35.15) and specifically adduced evidence that he acted as he did in order to repel a joint assault upon him by Santantonio, Reilly and one Ricky Clark.

During the direct examination of Louis Lodini, one of defendant's witnesses, defense counsel asked the witness: "[W]hat is [Ricky Clark's] reputation in the community for violence?" In response to an objection by the prosecution, the court asked defense counsel to make an offer of proof. Defense counsel stated that the purpose of his examination was to show that Ricky Clark, whom Lodini had known since eighth grade, had "used knives in acts of violence" and in "high school * * * had a reputation for bringing knives to school".

In opposition to defendant's offer of proof, the People (1) conceded that pursuant to the general rule set forth in *People v Miller* (39 NY2d 543), a defendant could show prior specific violent acts of any "victims which the defendant knew about at the time of the incident", and (2) argued, *inter alia,* that the rule set forth in *People v Miller (supra),* was inapplicable in the case at bar since "Ricky Clark * * * was not one of the victims".

In response to the People's argument, the court stated that

Clark was, "in effect, the individual who was allegedly attacking the defendant and precipitated the defendant to defend himself * * * and just because [Clark] didn't happen to be the victim, doesn't necessarily make your argument logical".

After further colloquy on this issue, decision was reserved.

On the following day of trial, the trial court ruled that (1) it would not allow Lodini to testify about the reputation of Clark "or of the two victims, Timothy Reilly and John Santantonio, with respect to violence or prior acts of violence" and (2) it would allow the defendant "in accordance with the rule established in *[People v Miller, supra]* to introduce evidence of the victim's prior specific acts of violence of which the defendant had knowledge, provided that the acts sought to be established are reasonably related to the crime of which the defendant stands charged [in order] to show the defendant's state of mind at the time of the alleged incident".

With respect to the People's argument that Ricky Clark was not a victim within the rule set forth in *People v Miller (supra),* the trial court rejected same, and held: "Now, I said victim, but in this case since Ricky Clark, according to the testimony of the defendant's witnesses, allegedly without provocation sought to attack the defendant with a knife, I would allow the defendant to testify, in accordance with the rule laid down in People against Miller, the same as if he were a victim, and the People can have an exception to the Court's ruling, and the defendant can have an exception."

On appeal, defendant argues that the trial court's ruling that prohibited Louis Lodini, a defense witness, from testifying as to Ricky Clark's reputation for violence and as to prior violent acts of Ricky Clark was improper.

We disagree.

We note preliminarily that the People do not pursue on appeal one of the main arguments raised before the trial court in opposition to defendant's offer of proof, i.e., that Ricky Clark was not a victim within the rule set forth in *People v Miller* (39 NY2d 543, *supra).* However, even assuming, arguendo, that Ricky Clark was a victim within the rule set forth in *Miller,* Lodini's proposed testimony was nevertheless properly ruled inadmissible because the defendant's offer of proof did not in any way indicate that defendant had knowledge of Clark's reputation for violence or of prior violent acts done by Clark *(People v Miller, supra).*

Defendant also contends that the trial court's *Sandoval* ruling was an abuse of discretion. The defendant had previ-

ously been convicted of assault in the second degree, the same crime for which he was standing trial. In determining defendant's *Sandoval* motion, the trial court ruled that if the defendant testified, the prosecutor could ask him whether he had been convicted of a felony, without specifying the nature of the crime, its circumstances, or the date, time or place of its occurrence. That ruling was not an abuse of discretion *(see, People v Sterling,* 95 AD2d 927; *People v Bostwick,* 92 AD2d 697; *People v Hicks,* 88 AD2d 519; *People v Bermudez,* 98 Misc 2d 704).

Finally, we reject defendant's claim that he was denied a fair trial due to the prosecution's destruction of Ricky Clark's knife inasmuch as Clark testified that he had a knife in his possession when the defendant attacked the complaining witnesses and a photograph of the knife was introduced into evidence *(see, People v Close,* 103 AD2d 970; *People v Briggs,* 81 AD2d 1017; *cf. People v Saddy,* 84 AD2d 175; *People v Fleishman,* 92 Misc 2d 156; *People v Churba,* 76 Misc 2d 1028).

We have considered defendant's other claims and have found them to be either unpreserved or without merit. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.