*1080 OPINION OF THE COURT
Marshall C. Berger, J.
Plaintiff was seriously injured on November 27, 1979 when she was struck by an automobile while, according to her testimony, she was crossing 3rd Avenue at 80th Street at the crosswalk during a green light. An eyewitness testified that the automobile which struck her left the accident scene without stopping, a misdemeanor under Vehicle and Traffic Law § 600 (2). The New York Police Department Accident Investigation Squad initiated an investigation into the accident and uncovered defendant Neil Willson as a suspect for the hit-and-run driver. Criminal charges against him were dismissed for failure to meet the speedy trial requirements.
This civil suit against Mr. Willson and his wife, the owner of the car, partakes more of a criminal case than a personal injury action. The usual issues of due care and apportionment of responsibility are overshadowed by the issue of whether Mr. Willson was the driver of the automobile. Plaintiff, relying on the fruits of the police investigation, has amassed a substantial quantity of evidence tending to prove Mr. Willson was the driver. For his part, Mr. Willson contends that he was at a restaurant and bar at 55th Street and 3rd Avenue at the time of the accident.
Before Mr. Willson took the stand in his own behalf, his counsel asked for a hearing to limit cross-examination of Mr. Willson on his prior conviction for driving while intoxicated. In effect, counsel was seeking to apply People v Sandoval (34 NY2d 371 [1974]) to a civil case. Under that case, a criminal defendant is given the right to a hearing to determine what limitations should be applied on the prosecutor’s cross-examination of him based on prior criminal convictions. To simplify a complex subject, the court in such a hearing balances the prejudicial effect of the conviction, particularly on the defendant’s ability to take the stand in his own behalf, with its probative value on the issue of defendant’s credibility.
Obviously, different considerations apply in criminal and civil cases. A defendant’s decision of whether to take the stand is a much closer call in a criminal case than a civil one. A civil defendant knows that his failure to testify will occasion a charge that the jury can make the strongest possible inferences against him, a charge I indicated I would give here (PJI 1:75). Of course, a failure of a defendant to testify gives plaintiff’s counsel a potent weapon for his summation. All this *1081 is in sharp contrast to the situation of a criminal defendant who is aware that the Judge will charge the jury it can make no adverse inferences from his absence from the stand (CPL 300.10 [2]) and that the prosecutor cannot even allude to it in his summation.
But that does not mean that the problem Sandoval addresses is not present in civil cases. Indeed, Proposed New York Code of Evidence § 609 (a) would in the language of the comment "introduce] into civil cases the Sandoval standard” (comment [a], at 143 [1982 Proposed Code]) that is in the code formulation permit evidence of a witness’ prior criminal conviction "unless the prejudicial effect of the evidence substantially outweighs the probative worth of the evidence on the witness’ credibility.” This case presents a classic case of such an outweighing. A jury trying to determine whether a civil defendant was a criminally irresponsible hit-and-run driver would indisputably be overly influenced by a prior instance of criminally irresponsible drunken driving. This civil case parallels such typical criminal Sandoval situations as a murder defendant with a prior assault conviction or a narcotics defendant with a prior narcotics conviction. In those instances, as here, the prior conviction reflects not only on the defendant’s credibility but, to a far greater extent, on his propensity to commit precisely what he is accused of.
The classic criminal solution for such a situation is the Sandoval compromise — the prosecutor is allowed to ask if the defendant witness was convicted of a felony or misdemeanor without specifying what that felony or misdemeanor was (People v Sterling, 95 AD2d 927 [3d Dept 1983]; People v Hicks, 88 AD2d 519 [1st Dept 1982]; People v Bermudez, 98 Misc 2d 704 [Sup Ct, NY County 1979]). Such a step is called for here. Plaintiff can ask about whether Mr. Willson was convicted of a misdemeanor, thereby allowing the jury to consider his prior criminal record in weighing his credibility. However, plaintiff cannot ask what that misdemeanor was so the jury will not be improperly influenced by the parallel between drunk driving and hit-and-run driving.
Plaintiff has asked to be allowed to question Mr. Willson on his committing a number of driving infractions so that at the time of the accident he had 11 points on his license. Plaintiff may ask these questions since they go to a possible motive for Mr. Willson to leave the scene of any accident — fear of an *1082 other driving violation conviction with a consequent loss of his driver’s license. Of course, since under that theory the evidence is relevant on an issue independent of Mr. Willson’s credibility, it could be admissible whether or not he takes the stand.