THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK NENTARZ, Appellant.

Fourth Department, October 6, 1933.

*H. H. Cohen,* for the appellant.

*Basil E. Moore, Assistant District Attorney,* for the respondent.

SEARS, P. J.   The grand jury in an indictment charged the defendant with the commission of a felony under section 1897, subdivision 4, of the Penal Law in that after having been convicted of a felony and being over sixteen years of age, he possessed a weapon, namely, a pistol or revolver of the size that might be concealed upon his person, without having procured a license therefor.   At the trial two admissions, one of ownership of such a weapon and the other of possession of such a weapon, were proved. This was not enough to justify a conviction, for section 395 of the Code of Criminal Procedure provides that a confession of a defendant whether in the course of judicial proceedings or to a private person is not sufficient to warrant his conviction without additional proof that the crime charged has been committed.   The record discloses that at the time the ownership of the gun was admitted a police officer exhibited to the defendant while on a public highway in the town of Brighton " a gun " which the police officer had previously obtained at the house of a person named Moylan and the police officer then asked the defendant if it was his, and that to this question the defendant responded, " Yes." There was no proof as to who Moylan was or as to any connection between Moylan and the defendant, or even to the effect that defendant had ever entered Moylan's house.   Aside from the other admission of the possession of a pistol, there is in the record no other proof of the commission of the crime charged.

It is our judgment that in this state of the record, aside from the admissions (or confessions), there was no proof whatever that the crime charged had been committed.   It has been held that

it is not necessary in order to satisfy the statute that the crime charged should be established by such proof other than the confession as would be sufficient to sustain a conviction. There must, however, be at least some proof tending to show the commission of the crime. (*People* v. *Lytton*, 257 N. Y. 310; *People* v. *Joyce*, 233 id. 61; *People* v. *Roach*, 215 id. 592; *People* v. *Brasch*, 193 id. 46; *People* v. *Jaehne*, 103 id. 182.) Here there was simply the production and introduction in evidence of a pistol. Certainly this was insufficient even to tend to prove the *corpus delicti*.

Error also occurred in the refusal by the court to allow the defendant, upon his counsel's request, a preliminary examination as to whether the admissions were made voluntarily or under the influence of fear produced by threats. (*People* v. *Reilly*, 181 App. Div. 522; affd., 224 N. Y. 90; *People* v. *Doran*, 246 id. 409; *People* v. *Nunziato*, 233 id. 394; *People* v. *Brasch*, *supra*; *People* v. *Rogers*, 192 N. Y. 331.)

The court when admitting the certificate of commitment should also have definitely excluded from evidence that part of the certificate relating to the conviction of a crime not charged in the indictment.

Other substantial questions argued upon this appeal will probably not be involved upon another trial and we, therefore, find it unnecessary to mention them here.

The judgment of conviction should be reversed on the law and a new trial granted.

All concur.

Judgment of conviction reversed and a new trial granted. The reversal is made upon questions of law only and not for errors of fact or in the exercise of any discretion, this court having examined all the facts and found no error therein.