Hyman Barshay, J.
The defendant was arrested for possessing an unloaded revolver without a permit therefor. (Penal Law, § 1897, subd. 4.) The Magistrate held him for the action of the Grand Jury which recommended that the district attorney file an information in the Court of Special Sessions against this defendant. Such recommendation was approved by a County Judge. Defendant is presently awaiting trial in the Court of Special Sessions.
He now moves for an inspection of the Grand Jury minutes and for an order vacating the order which approved the recommendation of the Grand Jury and directed the district attorney to file the aforesaid information, on the ground that the competent evidence adduced before the Grand Jury was insufficient as a matter of law. The procedure adopted by the defendant is correct. (People v. Cummings, 177 Misc. 111.)
The competent testimony before the Grand Jury consists of the admission of the defendant without any additional proof that the crime charged has been committed. Under the law, that is insufficient. (Code Crim. Pro., § 395.) At the time of the defendant’s arrest, a search revealed nothing in his actual or constructive possession. The facts in this case fall squarely within the principles enunciated in People v. Nentarz (239 App. Div. 109).
Based upon the Grand Jury minutes, the order of the County Judge directing the filing of the information against the defendant in the Court of Special Sessions is hereby vacated and set aside.
Submit order.