J. Irwin Shapiro, J.
Upon the call of the calendar, assigned counsel for the defendant requested permission to make an oral motion for the inspection of the minutes of the Grand Jury or in the alternative for a dismissal of the indictment.
The District Attorney did not object to the fact that the motion was not made on papers or on prior notice to him and *715 thereupon submitted the Grand Jury testimony to the court. The request that the defendant’s oral motion be considered was thereupon granted.
The indictment charges the defendant with the crime of “ Carrying a Dangerous Weapon ” in that he “ had and carried concealed upon his person, a pistol loaded with ammunition at the time, without a valid, written license therefor.” (Penal Law, § 1897, subd. 4.)
The only testimony before the Grand Jury is that of two police officers, the second one being a fingerprint expert whose testimony was elicited merely for the purpose of making the instant charge a felony, and who otherwise gave no substantive testimony.
Detective Hattan, the other witness, testified that in the course of a police investigation he took the defendant into custody at the 103rd detective squad in Queens County; that he questioned him in regard to a shooting that occurred at about 5:30 p.m. on that day; that the defendant told him that he was engaged in the shooting, that he had used a pistol, and that he had dropped that pistol in a specified catch basin. The detective then testified that the pistol was recovered from the catch basin pointed out by the defendant and that it was thereupon identified by the latter as being the one which he had previously had in his possession. That was the sum and substance of this witness’ testimony.
The defendant urges that upon this state of the record the proof is insufficient and that the indictment must be dismissed. The question resolves itself into a determination of whether the authorities represented by People v. Nentarz (239 App. Div. 109); People v. Shannon (1 A D 2d 226, affd. 2 N Y 2d 792) and People v. Tringali (2 Misc 2d 1025) or those represented by People v. Lo Turco (256 App. Div. 1098, affd. 280 N. Y. 844) and People v. Spillman (309 N. Y. 295) apply to the facts in this case.
In Nentarz (supra) the defendant was charged with the possession of a weapon as a felony. Said the court: “ At the trial two admissions, one of ownership of such a weapon and the other of possession of such a weapon, were proved. This was not enough to justify a conviction, for section 395 of the Code of Criminal Procedure provides that a confession of a defendant whether in the course of judicial proceedings or to a private person is not sufficient to warrant his conviction without additional proof that the crime charged has been committed. * * * It is our judgment that in this state of the record, aside from the admissions for confessions), there was no proof *716 whatever that, the crime charged had been committed. It has been held that it is not necessary in order to satisfy the statute that the crime charged should be established by such proof other than the confession as would be sufficient to sustain a conviction. There must, however, be at least some proof tending to show the commission of the crime. (People v. Lytton, 257 N. Y. 310; People v. Joyce, 233 id. 61; People v. Roach, 215 id. 592; People v. Bresch, 193 id. 46; People v. Jaehne, 103 id. 182.) Here there was simply the production and introduction in evidence of a pistol. Certainly this was insufficient even to tend to prove the corpus delicti ” (pp. 110-111, emphasis supplied).
Thus, the court held that the mere admission by the defendant of the prior possession of the weapon and its present identification by the defendant were insufficient to make out the crime of possession as a matter of law.
In Shannon (supra) the defendant was charged with being a youthful offender in that he “ carried and possessed a sawed-off shotgun with intent to use it unlawfully against another.”
Writing for a unanimous court (whose determination was unanimously affirmed on appeal) Presiding Justice Nolan said (pp. 226-227): “ The judgment against him rests solely upon his admission to a police officer before his arraignment that he had had the gun in his possession, and fired it, without additional proof that the act charged against him had been committed. Other evidence in the record was not connected with any possession or use of the gun by appellant, and the People do not contend that the evidence against him would have been sufficient to sustain a judgment convicting an adult, or appellant, if he had been tried on the indictment, of a violation of section 1897 of the Penal Law. We are agreed that it would not have been sufficient (cf. People v. Nentarz, 239 App. Div. 109) ”.
In Tringali (supra) “ The defendant was arrested for possessing an unloaded revolver without a permit therefor ’ ’. Said the court (p. 1026): “ The competent testimony before the Grand Jury consists of the admission of the defendant without any additional proof that the crime charged has been committed. Under the law, that is insufficient. (Code Crim. Pro., § 395.) At the time of the defendant’s arrest, a search revealed nothing in his actual or constructive possession. The facts in this case fall squarely within the principles enunciated in People v. Nentarz (239 App. Div. 109).” (Italics supplied.)
Thus, if the foregoing three cases apply, the indictment in this case must be dismissed.
*717 In Lo Turco (256 App. Div. 1098, affd. 280 N. Y. 844, supra) the defendant was convicted of possessing two revolvers in violation of subdivision 4 of section 1897 of the Penal Law. Said the Appellate Division on appeal from that judgment of conviction: ‘ ‘ There was adequate proof of possession by the defendant. He admitted to the arresting officer that he had brought the revolvers from Yonkers to his residence in Brooklyn and liked ‘ to play with them * * * and do some shooting.’ The guns were found in the yard next door to the defendant’s residence where they had been concealed in a barrel by the defendant’s wife, just prior to the officer’s visit. This is sufficient corroboration to satisfy section 395 of the Code of Criminal Procedure. Where there is additional evidence which reasonably tends to prove the crime and thus corroborates the admissions of the defendant, such evidence is sufficient to satisfy the statute, although the evidence in itself and independent of the admissions would be insufficient to establish the crime. (People v. Brasch, 193 N. Y. 46.) The trial court was justified in finding that the weapons had been within the immediate control and reach of the accused and where they were available for unlawful use if desired. (People v. Persce, 204 N. Y. 397.) ” In Spillman (309 N. Y. 295, supra) a pistol was found in the luggage compartment of an automobile owned by defendant’s wife to which defendant had a set of keys. The pistol had been stolen from the home of one Fealy when that home was burglarized. The record contained testimony “of an admission by defendant that he had recently bought the pistol from one Moore.”. In holding that the proof was sufficient to warrant a conviction for the carrying and unlawful possession of a dangerous weapon as a felony, the court said:
“ Nevertheless, the fact is established that this revolver was discovered in the compartment of defendant’s wife’s automobile, to which defendant had a key, and, although this in itself does not demonstrate that defendant had possession, his admissions to the police officers are in evidence that he had bought this weapon a short time previously. Do these circumstances, coupled with this admission, constitute evidence of possession in defendant apart from section 1898-a of the Penal Law which has been discussed? * * * on the charges of possessing and carrying a dangerous weapon without a written permit in violation of subdivisions 4 and 5 of section 1897 of the Penal Law, possession is not merely evidence but is the essence of the crime itself — the corpus delicti. We shall consider first whether the evidence in the record is sufficient to sustain the latter charges.
*718 “ Section 395 of the Code of Criminal Procedure provides that the confession of a defendant is not enough to warrant his conviction without additional proof that the crime charged has been committed. Insofar as defendant is charged with violation of subdivisions 4 and 5 of section 1897 in possessing or carrying this revolver without a written permit, it would not be sufficient to sustain his conviction merely that the jury believed his admissions that he had previously bought this weapon from Moore. There has to be ‘ additional proof that the crime charged has been committed.’ The immediate question is whether the presence of this pistol in defendant’s wife’s automobile in a compartment to which defendant had a duplicate hey, supplies this additional proof required by section 395 of the Code of Criminal Procedure. * * * .In the present instance, we are confronted with a situation where a revolver licensed in the name of Fealy was found in the locked compartment of an automobile belonging to defendant’s wife. It thus appears that Fealy, but neither defendant nor his wife, had a written permit to possess this weapon. It was not in Fealy’s possession when it was discovered in defendant’s wife’s automobile. Therefore, the crime of possessing a dangerous weapon in violation of subdivision 4 of section 1897 of the Penal Law was established by independent evidence to have been committed by someone. When coupled with the fact that defendant had access to the compartment where this gun was contained by the possession of a duplicate key, his statements to the police officers that he had bought it a short time previously are sufficient, in our view, to satisfy the requirements of section 395 of the Code of Criminal Procedure. It could be found by the trial court that this weapon was within the immediate control and reach of the accused, available for unlawful use if desired (People v. Persce, 204 N. Y. 397). The statement by defendant to the police officers that it was his gun connected him with the crime of unlawful possession which independent evidence established was being committed by someone” (pp. 300-302, emphasis supplied).
The ratio decidendi of the foregoing cases would seem to be that upon a charge of possessing and carrying a dangerous weapon “ possession is not merely evidence but is the essence of the crime itself — the corpus delicti ’ ’ (People v. Spillman, supra, p. 301) and that, therefore, a record which falls short of establishing possession is insufficient as a matter of law. Possession, however, need not be actual but may be constructive. If the weapon is in a place where it is within the control and reach of the accused and thus available to him for unlawful use, if desired, that fact sufficiently corroborates his confession or *719 admission to establish the crime of unlawful possession. (People v. Persce, 204 N. Y. 397.)
Thus analyzed there is no conflict among the cases above set forth. In Lo Turco (supra) “ The guns were found in the yard next door to the defendant’s residence where they had been concealed in a barrel” and thus were within the immediate control and readily available to • defendant for unlawful use. Though no one saw him in actual physical possession of the weapons his admission plus his proximity to the weapons and his ability to readily obtain them, if he so desired, was sufficient corroboration to satisfy section 395 of the Code of Criminal Procedure. So, too,' in Spillman (supra) the weapon was in the luggage compartment of the automobile owned by defendant’s wife. His admissions to the police of prior possession of the gun “ coupled with the fact that defendant had access to the compartment where this gun was contained by the possession of a duplicate key ” put the weapon within his immediate control and available for his use and thus satisfied the requirements of section 395 of the Code of Criminal Procedure with reference to corroboration of a confession.
In both Lo Turco and Spillman the defendant could have put his hands on the weapon at any time he chose. It was this fact which constituted constructive possession of it and which acted as a sufficient corroboration of the confession to make the charge sustainable. In the other cases that constructive possession was not present and, therefore, there was no corroboration of the confessions.
In the ease before the court the weapon was found in a catch basin. It was not 1 ‘ within the immediate control and reach of the accused, available for unlawful use if desired” (People v. Spillman, supra, p. 302; People v. Persce, 204 N. Y. 397, supra) and, therefore, the defendant’s confession or admission here stands uncorroborated by the fact of possession either actual or constructive. Standing thus alone the indictment herein is violative of section 395 of the Code of Criminal Procedure which inhibits a finding of guilt upon a confession otherwise uncorroborated.
The indictment is, therefore, dismissed, with leave to the District Attorney to resubmit the subject matter thereof to the same or another G-rand Jury on or before March 30, 1962 if he has or can obtain sufficient legal evidence to warrant an indictment.