■ STEVEN H. SHAPIRO, Appellant, v. DONALD F. CAWLEY, as Police Commissioner of the City of New York and His Successor in Office, Respondent.— Judgment, Supreme Court, New York County, entered December 11, 1973, denying petitioner's application and dismissing the petition, unanimously reversed, on the law, without costs and without disbursements, and vacated, and the application is granted to the extent of annulling the determination of respondent and the matter is remanded to respondent for reprocessing in accordance with the observations herein. Appeal from the order,

Supreme Court, New York County, entered October 31, 1973, unanimously dismissed, without costs and without disbursements, as said order being superseded by the judgment, the appeal therefrom is rendered academic. In this article 78 proceeding, petitioner seeks judgment annulling respondent's determination disapproving petitioner's application for an *on-premises* pistol license. The basis for the disapproval was "insufficient needs". Respondent's determination was upheld by the Supreme Court as not "unreasonable", citing *Matter of Moore* v. *Gallup* (267 App. Div. 64, affd. 293 N. Y. 846). *However, Moore* is distinguishable from the instant case in that the petitioner in *Moore* sought a permit to carry a concealed weapon upon his person. Scrutiny of the controlling statute, section 400.00 (subd. 1; subd. 2, par. [e]) of the Penal Law mandates the conclusion that no showing of "need" is required for the issuance of an on-premises license. If an applicant meets the four requirements delineated in subdivision 1 of section 400.00 of the Penal Law, he is entitled to the issuance of an on-premises license. When an applicant seeks a license permitting him to carry a concealed weapon on his person without regard to employment or place of possession, he is required to demonstrate that "proper cause exists for the issuance thereof" (Penal Law, § 400.00, subd. 2, par. [e]). Concur — Markewich, J. P., Kupferman, Lupiano, Steuer and Capozzoli, JJ.