Nathaniel T. Helman, J.
Motion for a preliminary injunction and for the declaration of a class action is disposed of as follows:
The named plaintiffs are applicants for "on premises” pistol licenses. Two of the applications have thus far not been acted upon. The other applicants have received notices that their applications were preliminarily disapproved on the sole ground of "Insufficient Need”.
Reliance is placed by plaintiffs on the recent holding of the Appellate Division, First Department, in the case of Shapiro v Cawley (46 AD2d 633), to the effect that for an "on-premises” *484 pistol license, no requirement exists for a showing of "need” for such license. The court distinguished cases such as Matter of Moore v Gallup (267 App Div 64, affd 293 NY 846), by limiting their application to a person seeking a license to carry a concealed weapon "on his person, without regard to employment or place of possession” (46 AD2d 633, 634, supra; emphasis added). A finding of "need” was held unessential in the case of an "on premises” license. The court viewed the statute as mandating only a compliance with the four eligibility provisions of subdivision 1 of section 400.00 of the Penal Law relating to: (a) good moral character; (b) no prior felony convictions; (c) freedom from mental disturbance; and (d) no good cause for a denial of the license.
The Police Commissioner has not appealed the Shapiro decision, and it stands as authority for the limitations on his power in the issuance of this type of license. An attempt to alter the effect of that decision by legislation during the recent Legislature session proved unsuccessful (Assembly Int. No. 3743, 1975), notwithstanding its declared purpose to require issuance of such "on-premises” permits only upon a showing of need.
While the commissioner may, with justification, be concerned with the uncontrolled distribution of such licenses to businessmen, merchants and storekeepers, this court, as well as the commissioner, is constrained to follow the mandate of our higher courts. His own interpretation of the Penal Law provisions of section 400.00 (subd 1, par [d]), as vesting in him the authority to require evidence of "need”, as the basis of the eligibility provision of "good cause” for a denial of an applica-' tion, comes in conflict with the interpretation of the Appellate Division in the Shapiro case. Patently, relief, if any, must be obtained in the Legislature, which thus far has found no urgency requiring the modification of existing statutory provisions.
Accordingly, plaintiffs should not be required to submit to administrative hearings solely to establish "need” in view of the court’s holding.
A preliminary injunction will be granted prohibiting respondent from denying "on-premises” licenses based solely on applicants’ failure to establish need. Defendants, however, shall have the right to review the applications heretofore denied to assure compliance with the four specific requirements of subdivision 1 of section 400.00 of the Penal Law.
*485 Plaintiffs’ application for the declaration of a class action is denied without prejudice to renewal at the appropriate time. The application is premature pursuant to CPLR 902.