■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BECKHAM, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 10, 1975, convicting him of manslaughter in the first degree and possession of weapons, etc., as a felony, upon a jury verdict, and imposing sentence. Judgment modified, on the law and the facts, by reversing the conviction of manslaughter in the first degree, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. The trial testimony "does not lead exclusively to the inference that this defendant had knowledge of his [brother-in-law's] intentions" (see *People v La Belle,* 18 NY2d 405, 412). It is well settled that, in a case based solely upon circumstantial evidence, "the circumstances must be satisfactorily established and must be of such a character as, if true, to exclude to a moral certainty every other hypothesis except that of the accused's guilt" and " 'must be inconsistent with his innocence' " (Richardson, Evidence' [Prince 10th ed], § 148; see, also, *People v Monaco,* 14 NY2d 43; *People v La Belle, supra).* In the case at bar, the actions of the defendant, in refusing his brother-in-law's orders to shoot the deceased, are far more consistent with innocence than with guilt. Consequently, the conviction of manslaughter in the first degree cannot stand. However, no error was committed by the Trial Judge in permitting the prosecutor, on cross-examination and in his summation, to refer to the defendant's failure to assert his innocence after being given his *Miranda* warnings. Defendant's own attorney made mention of that fact and sought to exploit it, so as to impeach the arresting officer's testimony that the defendant had made a statement to him. Moreover, defense counsel failed, at any time, to make an objection (see CPL 470.05, subd 2; *People v Vidal,*

26 NY2d 249; *People v Fonseca,* 36 NY2d 133; cf. *Doyle v Ohio,* 426 US 610, where defense counsel did make proper objections). Finally, with respect to the weapons charge, the uncontroverted testimony at the trial showed that the defendant admitted possession of the weapon. Rabin, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.