Edward Greenfield, J.
Petitioner, a 19-year-old sophomore student at Manhattan College who lives at home with his parents, commenced this CPLR article 78 proceeding to annul the determination of respondent denying issuance of a target *440 pistol permit to him. This denial was premised on the sole ground that petitioner was under the age of 21.
Respondent concedes that there is no State statute or local ordinance which explicitly restricts the right of ownership or possession of handguns to those over 21 years of age. However, respondent contends that that portion of the Gun Control Act of 1968 (US Code, tit 18, § 921 et seq.) which prohibits Federally-licensed firearms dealers from selling firearms other than rifles or shotguns (i.e., handguns) to those under 21 years of age (US Code, tit 18, § 922) furnishes a rational predicate for his policy of restricting issuance of pistol permits to those over the age of 21.
Congress enacted the Gun Control Act of 1968 in response to the assassinations of prominent public figures and the civil disorders which took place throughout the nation during the late 1960’s (US Code Cong & Admin News, 90th Cong, 2d Sess, 1968, p 4413). The principal purpose of the act was "to curb crime by keeping 'firearms out of the hands of those not legally entitled to possess them because of age, criminal background, or incompetency’ ” (Huddleston v United States, 415 US 814, 824). It was expressly found by Congress "that there is a causal relationship between the easy availability of firearms other than a rifle or shotgun and juvenile and youthful criminal behavior, and that such firearms have been widely sold by federally licensed importers and dealers to emotionally immature, or thrill-bent juveniles and minors prone to criminal behavior” (Pub L 90-351, § 901, subd [a], par [6] [82 US Stat 225-226]). To remedy this situation, Congress provided for a more effective licensing system made applicable to those who commercially deal in firearms to restrict their availability. It was made "unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver— (1) any firearm or ammunition to any individual who the licensee knows or has reasonable cause to believe is less than eighteen years of age, and, if the firearm, or ammunition is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the licensee knows or has reasonable cause to believe is less than twenty-one years of age” (US Code, tit 18, § 922, subd [b], par [1]).
In brief, that section prohibits a licensed dealer from selling a handgun to anyone less than 21 years of age. The legislative history makes clear that that section applies only to licensed ñrearms dealers. Indeed, it is spelled out in bold type that *441 "Section 922(b) contains prohibitions applicable only to licensees” (US Code Cong & Admin News, supra, p 4419). This is in contrast to subdivision (a) of section 922, which "contains prohibitions applicable to all persons as well as prohibitions applicable only to licensees” (ibid., p 4418). Subdivision (a) contains no comparable limitation on the transfer of possession of handguns to those under the age of 21.
Having briefly examined the purpose of the act, it should be noted what the act did not intend to do. In its declaration of purpose (Pub L 90-618, §101 [82 US Stat 1213-1214]), Congress declared that "it is not the purpose of this title to place any undue or unnecessary Federal restrictions or burdens on law-abiding citizens with respect to the acquisition, possession, or use of firearms appropriate to the purpose of hunting * * * target shooting, personal protection, or any other lawful activity, and that this title is not intended to discourage or eliminate the private ownership or use of firearms by law-abiding citizens for lawful purposes”.
Nor did Congress intend to pre-empt the entire field. The act explicitly provides: "No provision of this chapter shall be construed as indicating an intent on the part of Congress to occupy the field in which such provision operates to the exclusion of the law of any State on the same subject matter, unless there is a direct and positive conflict between such provision and the law of the State so that the two cannot be reconciled or consistently stand together” (US Code, tit 18, § 927 [emphasis added]).
In New York State, it is unlawful for any person under the age of 16 to possess any type of gun at all (Penal Law, § 265.05); and, in New York City, it is unlawful for any person under the age of 18 to possess a rifle or shotgun without a license (Administrative Code of City of New York, § 436-6.6, subd a, par 1). Curiously, there do not appear to be any explicit age restrictions on the possession of handguns except for section 265.05 of the Penal Law. In this respect it is significant that subsequent to the enactment of the Gun Control Act of 1968, the trend has been to lower the age of majority from 21 to 18 (see, e.g., US Const, 26th Arndt; Election Law, § 150).
The desire to possess a handgun for target practice has been recognized as a legitimate and proper basis upon which to seek a pistol permit (Klapper v Codd, 78 Misc 2d 377, 378; Cononico v Leary, NYLJ, Jan 24, 1967, p 17, col 1). To permit *442 a person between the ages of 18 and 21, such as petitioner, to possess a target pistol would not be irreconcilable with or do violence to the purposes of the Gun Control Act of 1968 (see US Code, tit 18, § 927). As previously stated, the only applicable age restriction contained therein prohibits licensed dealers from selling handguns to those under the age of 21. It does not address itself to the question of those who may already possess such guns.
Although it is unlawful for any person except a licensed dealer "to engage in the business of importing, manufacturing, or dealing in firearms” (US Code, tit 18, § 922, subd [a], par [1]), it is possible for someone who is not in the business legally to sell or otherwise transfer a handgun to a person under the age of 21, such as petitioner. This conclusion is supported by the manner in which the Gun Control Act of 1968 is interpreted by those administering it (see, e.g., McKinney’s Cons Laws of NY, Book 1, Statutes, § 129). The Federal Government’s official position in this regard, which position has been judicially sanctioned and followed, is that "Congress did not intend to place unnecessary restrictions on law-abiding citizens who may wish to dispose of a firearm in the state of his residence. Accordingly, an isolated sale in his home state would not place a citizen in the business of dealing in firearms, in the absence of other characteristics indicative of such business” (United States v Jackson, 352 F Supp 672, 677, affd 480 F2d 927). Hence, under the Gun Control Act of 1968, there is no bar to the possession of a handgun by a person under the age of 21, and such a person may legally acquire a handgun from another person who is not a Federally-licensed firearms dealer, so long as the transaction is only an isolated one on the part of the latter and both the transferor and transferee reside in the same State and are in compliance with applicable local ordinances. As an example, a person under the age of 21 could conceivably acquire a handgun from a licensed owner or from a peace officer who is not a licensed firearms dealer.
Accordingly, the action of respondent in denying issuance of a target pistol permit to petitioner on the basis of a blanket rule that he was under the age of 21 without any further inquiry was erroneous as a matter of law and was arbitrary and capricious and an abuse of discretion (CPLR 7803, subd 3). The petition is granted to the extent of remanding the petitioner’s application for a target pistol permit for a new *443 hearing by respondent. Upon such a hearing, respondent shall determine whether petitioner meets the four requirements delineated in subdivision 1 of section 400.00 of the Penal Law (cf. Shapiro v Cawley, 46 AD2d 633, 634), as it does not appear from the record before the court whether respondent’s investigation proceeded beyond the question of petitioner’s age.
It should be borne in mind that this decision is not to be construed as opening up the floodgates for issuance of pistol permits carte blanche to those under the age of 21. All applicants must still go through the procedure of applying for a license, paying a fee, being fingerprinted and subjecting themselves to the scrutiny of respondent’s investigation. Each application will be passed upon on its own merits.