Bernard Nadel, J.
Application by petitioner for a judgment annulling respondent’s determination disapproving petitioner’s request for an additional pistol purchase authorization coupon is granted.
The petitioner, Ralph G. Archibald, was issued an on-premises pistol license in February, 1976. Thereafter, on March 1, 1976, Mr. Archibald was issued an authorization coupon to purchase an additional pistol. He later requested another pistol authorization coupon for a third pistol. This request was denied by respondent Police Commissioner, Michael J. Codd, because of "insufficient need for additional pistol.” The issue is whether the respondent was empowered to deny the holder of an on-premises pistol license the right to acquire an additional pistol on the basis of "insufficient need” pursuant to the governing statute.
The respondent erroneously contends that the Police Commissioner may, in his discretion, disapprove petitioner’s application. Subdivision 1 of section 400.00 of the New York State Penal Law provides as follows:
"1. Eligibility. * * * No license shall be issued or renewed except for an applicant:
"(a) of good moral character;
"(b) who has not been convicted anywhere of a felony or a serious offense;
"(c) who has stated whether he has suffered any mental illness * * *
"(d) concerning whom no good cause exists for the denial of the license.”
In Shapiro v Cawley (46 AD2d 633, 634), the Appellate Division ruled that, pursuant to section 400.00 of the Penal *457 Law, "no showing of 'need’ is required for the issuance of an on-premises license.”
Albeit in Shapiro (supra) the applicant was seeking an on-premises pistol license, whereas in the instant case the petitioner is seeking an authorization coupon to purchase an additional pistol, the result should nonetheless be the same. A purchase authorization may be granted only to individuals who were already issued on-premises pistol licenses. In the absence of specific legislation governing coupon authorizations, it must be assumed that the standards established under section 400.00 of the Penal Law control. Moreover, respondent has promulgated no administrative guidelines to cover such applications, by which his actions can be tested.
The respondent argues that in the instant case, there clearly is no need for the petitioner to have three weapons at home. Respondent further contends that it would be "unwise” to allow the petitioner to "acquire an arsenal”, which might be the end result if petitioner’s third pistol permit is granted.
However, assuming arguendo, that the petitioner may ultimately "acquire an arsenal”, nevertheless, the court cannot consider public policy arguments which call for a result contrary to the Shapiro ruling (supra). As the court stated in Turner v Codd (85 Misc 2d 483, 484): "While the commissioner may, with justification, be concerned with the uncontrolled distribution of such licenses to businessmen, merchants and storekeepers, this court, as well as the commissioner, is constrained to follow the mandate of our higher courts.”