■ RALPH G. ARCHIBALD, Respondent, v MICHAEL J. CODD, as Police Commissioner of the City of New York, Appellant.—Judgment, Supreme Court, New York County, entered June 17, 1977, granting petitioner relief to the extent of annulling respondent-appellant's determination disapproving petitioner's request for an additional pistol purchase authorization coupon and directing respondent-appellant to issue a pistol purchase authorization coupon to petitioner, unanimously affirmed, without costs and without disbursements. Petitioner held an on-premises license since February 24, 1976. In August, 1976, he applied for a purchase authorization for a .32 caliber revolver. At that time he possessed, pursuant to the license, a .44 caliber revolver which he purchased in March, 1976. When petitioner applied for authorization to purchase the .44 caliber revolver, he also possessed a .22 caliber revolver under a "target" license. Respondent police commissioner rejected petitioner's application "for a *purchase authorization* for a Smith and Wesson .32 caliber revolver on [petitioner's] Premises Permit No. P 200218 (Gun collector)" on the ground that there was "Insufficient need for additional pistol." Initially it must be noted that petitioner is not applying for permission to carry a concealed weapon on his person. In *Shapiro v Cawley* (46 AD2d 633, 634), we declared: "Scrutiny of the controlling statute, section 400.00 (subd. 1; subd. 2, par. [e]) of the Penal Law mandates the conclusion that no showing of 'need' is required for the issuance of an on-premises license. If an applicant meets the four requirements delineated in subdivision 1 of section 400.00 of the Penal Law, he is entitled to the issuance of an on-premises license. When an applicant seeks a license permitting him to carry a concealed weapon on his person without regard to employment or place of possession, he is required to demonstrate that 'proper cause exists for the issuance thereof' (Penal Law, § 400.00, subd. 2, par. [e])." The four requirements which must be met in order to obtain the *on-premises* weapon are that the applicant be one "(a) of good moral character; (b) who has not been convicted anywhere of a felony or a serious offense; (c) who has stated whether he has ever suffered any mental illness or been confined to any hospital or institution, public or private, for mental illness; and (d) *concerning whom* no good cause exists for the denial of the license" (Penal Law, § 400.00, subd 1) (emphasis supplied). Respondent police commissioner argues that the additional risk inherent in permitting the grant of an additional pistol under the on-premises license amounts to "good cause" for the denial of the request for the additional weapon under (d) set forth above. In effect, respondent argues the absence of need under the

concept of "good cause", which argument was inferentially rejected in *Shapiro v Cawley (supra)*. The four requirements for eligibility on the part of the applicant for the license relate not to need, but *to the person* of the applicant. His character, mental condition, and history as an offender are specifically made the subject of review to determine eligibility. The "good cause" referred to in the statute similarly refers to the person of the applicant. We are not unmindful of the force of respondent's legitimate concern that the additional pistol increases the number of guns in the applicant's possession and thereby increases the risks that one may fall into the "wrong hands." Indeed, respondent urges that while one pistol ordinarily suffices for protection of person and property in a dwelling, the increase in the number of weapons in the householder's possession may well in a given case constitute an unjustifiable risk to the body politic. However, this argument is one properly addressed to the Legislature. We must view the statute as drafted and promulgated by the Legislature and cannot under the auspices of construction and interpretation redraft and refashion the legislative will. It is sufficient to note that on this record the petitioner already obtained pursuant to section 400.00 of the Penal Law a license to possess a pistol in his dwelling and satisfied the four requirements of subdivision 1 of said statute for the issuance of the additional pistol purchase authorization coupon. Concur—Lupiano, J. P., Birns, Evans and Capozzoli, JJ.