OPINION OF THE COURT
Hyman Korn, J.
In this special proceeding pursuant to CPLR article 78, petitioner seeks a judgment to annul the determination of the respondent, the Police Commissioner, which denied petitioner authorization to purchase an additional pistol for hunting purposes.
The petition submitted herein alleges that the petitioner is the holder of a valid pistol license issued by the respondent. Such license did not authorize the holder thereof to use pistols in conjunction with hunting unless said license was amended for such purpose. Such pistol license was amended by respon *1057 dent to enable petitioner to use pistols in conjunction with hunting.
On April 28, 1977, petitioner wrote the Pistol License Division requesting authroization to purchase a pistol for the purpose of target shooting and small game hunting. Such request was disapproved and he was advised that to receive a purchase authorization for a new pistol, he must dispose of the recently owned pistol. A hearing was requested on the application by the petitioner. Same was held and a decision was rendered that petitioner’s request for an additional pistol was disapproved but the option of disposing of the pistol recently owned to obtain a new one still exists.
Thereafter, pursuant to petitioner’s request, this determination was made subject to a departmental review. Petitioner was informed on August 25, 1977 that his appeal was denied for the following reason: "Target License not issued for hunting with handguns.”
The respondent, in his answer submitted in opposition to this application, states that he, as Commissioner of Police, has a duty to control and regulate licensing of pistols within the city for the protection, welfare and safety of the general public and same is a factor of great weight in issuing pistol permits. That by offering petitioner the option of disposing of one of three pistols, in order to acquire the authorization to purchase the pistol desired, he recognized the merits of petitioner’s request but only asks that petitioner minimize the risks to the community interest in acquiring still another gun readily concealable upon a person.
The relevant statute dealing with the question posed herein is subdivision 1 of section 400.00 of the Penal Law which covers eligbility for the issuance of licenses of pistols.
The petitioner qualifies for eligibility under said section 400.00 (subd 2, pars [a], [b], [c], [d], [e]) of the Penal Law.
In the recent case of Archibald v Codd (90 Misc 2d 455, 456), which was one wherein the commissioner refused to issue an authorization for the purchase of a third pistol on the ground that there was "insufficient need for a third pistol”, the court held that "[T]he respondent erroneously contends that the Police Commissioner may, in his discretion, disapprove petitioner’s application.” The court further cited the case of Shapiro v Cawley (46 AD2d 633), wherein the Appellate Division held that no showing of need is required for the issuance of an "on premise” pistol license.
*1058 On page 457 of the Archibald case (supra), the court held that "[A]lbeit in Shapiro (supra), the applicant was seeking an on-premises pistol license, whereas in the instant case the petitioner is seeking an authorization coupon to purchase an additional pistol, the result should nonetheless be the same.” The Archibald case was affirmed by the First Department (59 AD2d 867).
As the court held in Turner v Codd (85 Misc 2d 483, 484): "[WJhile the commissioner may, with justification, be concerned with the uncontrolled distribution of such licenses to businessmen * * * this court as well as the commissioner, is constrained to follow the mandate of our higher courts.”
Accordingly, petition is granted.