OPINION OF THE COURT
Nathaniel T. Helman, J.
Application by petitioner, pursuant to CPLR article 78, for a judgment mandating the issuance of a pistol purchase authorization by respondent to the petitioner, is granted.
Petitioner is the holder of an on-premises pistol license and a target license pursuant to subdivision 2 of section 400.00 of the Penal Law of the State of New York. He is also licensed by the Department of the Treasury to collect firearms described as "curios and relics”.
His request of June 27, 1977 for a pistol purchase authorization to collect "curios and relics” was disapproved by respondent on the grounds that, "premises permit issued for protection of residence only, only 1 pistol allowed on a premises license. The N.Y.C.P.D. does not issue permits for collector purposes.”
It is apparent that the thrust of the determination by the respondent is that there is no need for petitioner to have more than one pistol at his residence. This concept was held arbitrary and without justification in Archibald v Codd (90 Misc 2d 455, affd 59 AD2d 867), citing Shapiro v Cawley (46 AD2d 633). In that case it was determined that the commissioner was without authority to limit the number of pistols in an on-premises pistol license. The court held that the commissioner may not consider the circumstances under which a premises pistol licensee proposes to use an additional pistol. Proof of "need” was not a requisite for the granting of an on-premises pistol, as distinguished from an application to carry a concealed weapon. There is thus no justification for the withholding of a purchase authorization from petitioner on the ground of "no showing of need.”
The balance of the stated grounds to the effect that the police department does not issue permits for curios and relics *910 is to be interpreted, at best, as a holding that "no license is required for antique pistols.” Respondent places reliance on a 1975 opinion of the Attorney-General of the State of New York to support its contention that since respondent did not identify a particular weapon, no determination can be made by respondent as to whether an "antique” pistol was sought to be purchased. In that regard, there appear to be some inconsistencies in the provisions of subdivision 3 of section 265.00, subdivision 14 of section 265.00 and section 400.00 (subd 2, par [fj) of the Penal Law relating to sanctions and licensing requirements with respect to antique firearms and antique pistols. These have led the Attorney-General to offer the opinion that the Legislature impliedly repealed section 400.00 (subd 2, par [f]) insofar as same requires a license for antique pistols. (1975 Atty Gen [Inf Opns] 297.) Here, however, the disapproval of petitioner’s application was made in conjunction with an on-premises license already in existence and in that respect, the determination was arbitrary and without justification.
There is no requirement in the statute (Penal Law, § 400.00) for the petitioner to specifically identify the particular pistol in advance, even though he has in the past identified additional pistols to be added to his target license. In any event, from the description of the various types of pistols contained in his request of June 27, 1977 and the allegations of the petition, it is apparent, although described as curios and relics, that they are not "antique pistols” or "antique firearms”, as those terms are defined in the above statutes. If the pistol eventually purchased was in fact an antique within the meaning of the statutes, the authorization to purchase will have been unnecessary.
Accordingly, petitioner is entitled to a judgment mandating the issuance of a pistol purchasing authorization coupon.