OPINION OF THE COURT
Seymour Rotker, J.
CASE HISTORY
The defendant was arrested on September 16, 1978 and charged in one accusatory instrument, a felony complaint, with two crimes, i.e., violation of sections 265.02 (a felony) and 240.50 (a misdemeanor) of the Penal Law.
A preliminary hearing was held by this court on November 21, 1978. The People offered the testimony of officer George Astarita and a forensic report prepared by the New York City Police Department attesting to the operability of the weapon. (See CPL 180.60, subd 8; 190.30, subd 2.)
PROCEDURE
In order to justify the granting of a preliminary hearing on the misdemeanor charge, it must be determined that the repeal of CPL 170.75 (L 1978, ch 481, eff Sept. 1, 1978) rescinding the right of a defendant to a preliminary hearing in a misdemeanor case is inapplicable in any case where a defendant is properly charged in a felony complaint with a misdemeanor and a felony.
A review of statutes governing preparation of accusatory instruments would be helpful in this regard.
A felony complaint must charge a defendant with the commission of at least one felony (CPL 1.20, subd 8). A felony complaint may charge two or more offenses subject to the rules of joinder applicable to indictments (CPL 100.15, subd 2). An offense, inter alia, embraces misdemeanors and felonies (Penal Law, § 10.00, subd 1). An indictment must charge at least one crime (Penal Law, § 10.00, subds 5, 6) and may charge in separate counts one or more offenses, which are joinable when based upon the same criminal transaction (CPL 200.20, subds 1, 2). A criminal transaction must establish at least one offense and may charge two or more counts related closely in point of time so as to constitute a single criminal incident (CPL 40.10, subd 2).
Clearly, a felony and misdemeanor may be properly joined *996 in one accusatory instrument (to wit, a felony complaint) when part of a single criminal incident.
CPL 170.75 (subd 1) provided a defendant "who has been arraigned in the New York City Criminal Court upon an information * * * which charges a misdemeanor * * * [emphasis ours] may * * * request a hearing to determine whether there is reasonable cause to believe that he committed such misdemeanor.” It is patently obvious that the repeal of CPL 170.75 only affected the defendant who was initially charged solely with a misdemeanor in an accusatory instrument and not one who was charged with a felony and misdemeanor as part of the same transaction.
There is no indication that the Legislature intended to bifurcate the hearing process where a defendant is charged in the same accusatory instrument with a felony and misdemeanor.
Accordingly, this court finds that the misdemeanor charged was part of the same transaction in which the felony charge arose, thus becoming an intrinsic part thereof which concomitantly empowers this court to decide whether there is reasonable cause to hold the defendant on either (or both) the felony or misdemeanor charges in this hearing.
THE FACTS
The defendant was standing on 107th Avenue and New York Boulevard in Queens County at about 6:30 a.m. on September 16, 1978, when he flagged down a police patrol car. A distance away from the defendant were a group of five males. The defendant informed the police officers that he was an "undercover man” in the District Attorney’s office and that the group of males had just robbed him and taken his gun. At the time of this conversation, the defendant was holding a black leather holster in his hand. The police arrested the five males at the scene and recovered a gun on the sidewalk from the area in which they were standing. The defendant identified the gun as his; it was a twin-barrelled derringer with two live rounds in its chambers.
After arriving at the police station and upon investigation of the occurrence, it was determined that the defendant did not work for the District Attorney’s office and that he had no lawful authority to possess a gun. The defendant was placed under arrest for illegal possession of said gun, and for the *997 misdemeanor of falsely reporting an incident. (Penal Law, § 240.50, subd 3.) A search revealed five live rounds of ammunition in the defendant’s pocket.
The five males that were arrested at that time were released when the defendant admitted that they had not, in fact, robbed him. This reporting of a nonexistent robbery to the police gave rise to the charge of falsely reporting an incident.
A ballistics test determined that the gun was operable, but that the five bullets found upon the defendant did not fit that gun.
THE LAW
The possession of a weapon is not merely evidence of the crime but is the essence of it; the possession is the corpus delicti. If the facts fall short of establishing possession, it is insufficient as a matter of law. (People v Ledyard, 32 Mise 2d 714.) Possession need not be actual, but may be constructive. The defendant may constructively possess a weapon if it is in a place where it is within his control and reach (Penal Law, § 10.00, subd 8) and thus available to him for unlawful use.
CPL 60.50 states that "a person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed.” The section requires additional proof of the crime to obviate the danger that a crime may be confessed when no such crime in any degree has been committed by anyone. The additional proof required by the section need not be direct evidence linking the defendant to the crime. (People v Murray, 40 NY2d 327.) The statute is satisfied by the production of some proof, of whatever weight, that a crime was committed by someone. This additional evidence may be either direct or circumstantial. (People v Daniels, 37 NY2d 624.) It need not be of such character as would be sufficient to sustain a conviction; there must, however, be at least some proof tending to show the commission of a crime. (People v Nentarz, 239 App Div 109; People v Brasch, 193 NY 46; People v Lo Turco, 256 App Div 1098.)
In the instant case, the defendant had neither actual physical possession, nor constructive possession. The weapon was not in a place which was in the control or reach of the *998 defendant; it was, in fact, more easily accessible to any of the five males standing at the arrest location.
In People v Sacco (64 AD2d 324), the court stated that although possession may be shown by circumstantial evidence, it is the control of the premises, or area, in which the weapon is located which gives rise to the inference of unlawful possession.
Although the defendant made an admission to the police that the gun belonged to him, and the law being that an admission is sufficient to link a person to the contraband (People v Beckham, 55 AD2d 680), the defendant herein did not at the time of such admission have actual or constructive possession, and possession is the corpus delicti.
This felony hearing requires this court to admit nonhearsay evidence which will demonstrate reasonable cause to believe that (1) a felony was committed and that (2) this defendant committed such felony. (CPL 180.60, 70.10.)
The only evidence linking the defendant to the possession of a firearm is his confession that the weapon was taken from him. The People, have not, however, established reasonable cause to believe that a crime was committed since no evidence independent of defendant’s confession was adduced at the hearing to show that a crime was committed; accordingly, that charge is dismissed.
As regards the misdemeanor charge, to wit, violation of section 240.50 (subd 3) of the Penal Law, a person is guilty of falsely reporting an incident when "knowing the information reported * * * to be false or baseless, he: * * * 3. Gratuitously reports to a law enforcement officer or agency (a) the alleged occurrence of an offense or incident which did not in fact occur”.
The issue of law applicable to this charge is similar to that involved in the possessory crime with which this defendant was charged. The only testimony adduced by the People to substantiate the "false report” charge was that of the officer who stated that at one time he was told by the defendant that the latter was robbed by five persons and thereafter the defendant retracted the statement. The People are seeking to hold this defendant to answer the misdemeanor charge based on his inconsistent statements. No testimony was offered independent of the defendant’s statements to show that the robbery did not occur.
*999 Accordingly, the misdemeanor charge is dismissed.
The aforesaid constitutes the opinion, decision and order of the court.