ARTHUR M. HOCHREICH, Respondent, v MICHAEL J. CODD, as Police Commissioner of the City of New York, Appellant.

First Department, June 19, 1979

**APPEARANCES OF COUNSEL**

*Carolyn E. Demarest (L. Kevin Sheridan* and *Lillian S. Gerwitz* with him on the brief; *Allen G. Schwartz, Corporation Counsel),* for appellant.

*David I. Caplan* for respondent.

## OPINION OF THE COURT

MARKEWICH, J.

Petitioner-respondent is the owner of three handguns, licensed for use as target pistols, the license bearing a restrictive "hunting authorization" by way of amendment, as follows: "This amendment to the Target pistol license issued to the above licensee [Hochreich], provides for the transport of the firearm(s) indicated on said license, within New York State while unloaded, and in a locked container. It shall further authorize the carry of a loaded firearm on the person, while AFIELD, actively engaged in such lawful hunting as is authorized pursuant to the New York State Fish and Wildlife Law." The amending provision is adapted from subdivision 6 of section 400.00 of the Penal Law.* It is designed to accommodate target-licensed city residents carrying their weapons to small game areas, while otherwise restricting availability en route.

Petitioner qualifies personally as eligible for a firearm license, being possessed of all four *sine qua non* attributes listed in section 400.00 (subd 1, pars [a]-[d]) of the Penal Law. His license is neither an (a) on premises, (b) store, (c) messenger's, (d) warden's, or (f) collector's license; the appropriate category is (e): "have and carry concealed, without regard to employment or place of possession, by any person when proper cause exists for the issuance thereof" (Penal Law, § 400.00, subd 2, pars [a]-[e]). Petitioner's application to respondent was to permit the acquisition of a fourth target pistol, to be used primarily for hunting, the distinction between it and the other three weapons being that the new one was to be a single-action pistol, safer for hunting, whereas the other three were not. After a hearing, petitioner was advised that his request for a fourth gun was denied but that he had the option, offered earlier but rejected, of acquiring the new one, provided that he disposed of one of the others, i.e., a top limit of three. Special Term, relying on two relatively recent decisions of this court, *Shapiro v Cawley* (46 AD2d 633) and *Archibald v Codd* (59 AD2d 867), directed respondent to issue the permit for the

---

* The borrowed language, as found in subdivision 6, applies to guns licensed elsewhere in the State while in continued and uninterrupted transit through the city.

fourth gun. We consider reliance on these two cases to have been misplaced.

Both cases were concerned with on-premises permits, while this is not so centred. In each of the two cases, denial by the commissioner had been on the basis of absence of a showing of need. Both cases, the later citing and quoting the earlier, agreed that, once the four attributes in respect of good moral character, absence of conviction of crime, absence of history of mental illness, and lack of good cause for denial, had been demonstrated (Penal Law, § 400.00, subd 1, pars [a]-[d]), the on-premises license was to issue. *(Shapiro v Cawley, supra,* p 634; *Archibald v Codd, supra,* p 868.)* In other words, the commissioner lacked discretion in the on-premises situation. Not so as to the category into which the license sought by petitioner would fall (Penal Law, § 400.00, subd 2, par [e]), i.e., one to be issued "when proper cause exists for the issuance thereof" *(Shapiro v Cawley, supra,* p 634; *Archibald v Codd, supra,* p 868). In short, while *any* license at all requires that the applicant possess the four basic attributes listed in paragraphs (a) through (d) of subdivision 1, there is engrafted onto the license category an additional requirement (subd 2, par [e]), i.e., that the applicant satisfy the commissioner as to the existence of proper cause for issuance of that license. The discretion exercised by respondent in finding that "proper cause" may have existed for a third, but not for a fourth gun for the purpose proposed was provident, undoubtedly based upon the thesis that "the number of weapons * * * may well in a given case constitute an unjustifiable risk" *(Archibald v Codd, supra,* p 868), and was neither arbitrary nor capricious. It should be sustained.

Accordingly, the judgment, Supreme Court, New York County (KORN, J.), entered March 21, 1978, should be reversed, on the law, the application under CPLR article 78 denied, the petition dismissed, and the determination of respondent-appellant Police Commissioner confirmed, without costs.

SULLIVAN, J. P., LANE, SILVERMAN and BLOOM, JJ., concur.

Judgment, Supreme Court, New York County, entered on March 21, 1978, unanimously reversed, on the law, without costs and without disbursements, the application denied, the petition dismissed and the determination of the Police Commissioner confirmed.