■ In the Matter of JEFF BERNSTEIN, Respondent, v POLICE DEPARTMENT OF THE CITY OF NEW YORK et al., Appellants. — Judgment, Supreme Court, Bronx County (Callahan, J.), entered December 2, 1980, which annulled respondent's determination denying petitioner's application for a license to carry a concealed pistol and directed the issuance of said license, unanimously reversed, on the law, without costs or disbursements, and the petition dismissed. The burden of establishing "proper cause" for the issuance of a full-carry permit (see Penal Law, § 400.00, subd 2, par [e]) is on the applicant. (*Hochreich v Codd,* 68 AD2d 424, 426; *Archibald v Codd,* 59 AD2d 867.) The responsibility for determining whether an applicant has demonstrated proper cause is entrusted to the discretion of the licensing official (*Hochreich v Codd, supra*), whose administrative determination should not be disturbed unless it is arbitrary or capricious (*Matter of Sullivan County Harness Racing Assn. v Glasser,* 30 NY2d 269). On this record, it is clear that respondent's determination to deny, on the basis of insufficient need, petitioner's application for a permit to carry a concealed pistol on his person was neither arbitrary nor capricious. Petitioner, a 39-year-old attorney, specializing in criminal and matrimonial law and whose practice is such that he must often carry large amounts of cash in areas "noted for criminal activity", failed to "demonstrate a special need for self-protection distinguishable from that of the general community or of persons engaged in the same profession." (*Matter of Klenosky v New York City Police Dept.,* 75 AD2d 793, affd 53 NY2d 685.) Concur — Sullivan, J. P., Ross, Markewich, Lupiano and Silverman, JJ.

■ In the Matter of GERALDINE D., a Person Alleged to be a Juvenile Delinquent, Appellant. — Order, Family Court, New York County (Dembitz, J., at fact finding and disposition), adjudging appellant to be a juvenile delinquent and placing her with the New York State Division for Youth, Title II, for a period of 15 months, reversed, on the law, and petition dismissed, without costs. At the fact-finding hearing, Police Officer Blake testified that, while off duty, he was standing in the vicinity of 110th Street and Central Park West. An unidentified acquaintance informed him that a robbery had just occurred and that the robber had fled into Central Park. The officer gave immediate pursuit into Central Park. Shortly thereafter, one of the individuals, who had alerted the officer to the robbery, handed him a gun; the individual had apparently found it on the ground. Almost immediately, the appellant approached the officer and asked for the return of her gun. When the officer refused her request, appellant persisted in her statements that the gun belonged to her. Eventually, Blake placed her under arrest for possession of a weapon. Subdivision (b) of section 744 of the Family Court Act provides: "(b) Any determination at the conclusion of a fact-finding hearing that a respondent did an act or acts must be based on proof beyond a reasonable doubt. For this purpose, an uncorroborated confession made out of court by a respondent is not sufficient." The petitioner contends, upon appeal, that appellant's confession as to possession of the weapon is corroborated by (i) the gun itself and (ii) her proximity in time and location to the gun. To satisfy subdivision (b) of section 744 of the Family Court Act, it is true that the prosecution need only demonstrate that a crime has been committed. It need not show that a particular defendant is connected with the crime (*People v Murray,* 40 NY2d 327, 332). Nonetheless, we find the corroborating evidence in this case to be insufficient to satisfy the statute. Neither the gun nor the appellant's presence at the scene of the recovery establishes the corpus delicti of the crime, i.e., possession of a weapon. (*People v Nentarz,* 239 App Div 109; *People v Barclift,* 97 Misc 2d 994.) For this reason, the order adjudicating appellant a juvenile delinquent must be reversed and the petition must be dismissed. Concur — Murphy, P. J., Ross, Markewich, Bloom and Lynch, JJ.