OPINION OF THE COURT
Louis Grossman, J.
In this CPLR article 78 proceeding, petitioner seeks to compel respondent Police Commissioner to accept his application for a target pistol license. Respondent cross-moves for an order remanding this matter to the license division of the police department.
It is undisputed that petitioner’s application was refused because he is under 21 years of age. Respondent concedes that the controlling provisions of the Penal Law (§§ 265.00, 400.00) do not set forth a minimum age for handgun license applicants and that a judicial determination has been made prohibiting the denial of target pistol licenses solely on the grounds of age (Kreshesky v Codd, 89 Misc 2d 439). Respondent argues, however, that a new firearm license regulation has been proposed which would adopt a minimum age requirement of 21 and that the instant matter should be remanded and held for consideration until completion of the regulation promulgation process.
The relief sought by petitioner is in accordance with subdivision 4-a of section 400.00 of the Penal Law which provides that an application for a pistol license “shall be accepted for processing by the licensing officer at the time *66 of presentment”. Petitioner does not seek a declaration from the court requiring the issuance of a license, but merely requests that respondent be directed to perform his mandated duty, under existing law, to accept the license application.
Where, as here, the acts sought to be required of respondent contemplate the performance of a ministerial duty imposed by statute rather than the exercise of discretion or judgment, mandamus pursuant to article 78 will lie (see Siegel, NY Prac, § 588, p 776). The fact that this statutory duty may be altered or amended at some future time simply does not justify respondent’s present refusal to act. Petitioner is entitled to have his application accepted for consideration on the merits.
Accordingly, the petition is granted and the cross motion is denied.