OPINION OF THE COURT
Frederic S. Berman, J.
Can a defendant “possess” a loaded gun where the evidence shows the weapon to be in the hands of another individual in the apartment who is observed dropping it out of a window?
This interesting question is raised during the course of a jury trial by the defendant, Arnold Perez, accused of multiple counts charging him with possession of drugs and weapons. At the conclusion of the People’s case, the defendant moves for a trial order of dismissal as to one of the counts in the indictment charging him with criminal possession of a weapon in the third degree on the ground that the doctrine of constructive possession should not apply in this instance where a person, other than the defendant, had actual physical possession of the weapon.
FACTS
On January 20, 1984, at approximately 7:30 p.m., several police officers entered apartment No. 27B at 538-40 West 143 Street in Manhattan, pursuant to a search warrant. Upon entry, the police officers noted the defendant sitting at a small table; another individual, Roberto Rodriguez, was standing near a *310 window holding a .25 caliber semiautomatic gun. A third person, Ismael Gneco, was found hiding in a closet in the apartment. The officers observed Rodriguez throw the gun out the window. It is this same gun, later retrieved from the area directly below the window, that is the subject of this motion.
Testimony at trial revealed that the defendant did not live in the subject apartment, but was there merely as a visitor to get back some money he had loaned Rodriguez on an earlier occasion. The defendant denied that the gun was his.
LAW
The term “to possess” means to have physical possession or otherwise to exercise dominion or control over tangible property (Penal Law § 10.00 [8]) and has been held to include both actual and constructive possession. A person who, while not in physical possession, knowingly has both the power and the intent, at a given time, to exercise dominion or control over a weapon, either directly or through another person or persons, is in constructive possession of such weapon. The possession need not be exclusive and the weapon may be jointly possessed.
The People have a heavy burden of establishing constructive possession where a gun is found in an area occupied by several people and where no one individual could be said to have dominion and control of the weapon (People v Roberson, 41 NY2d 106 [1976]; People v Vastola, 70 AD2d 918 [2d Dept 1979]). Logically, this burden would seem to be further elevated in instances, as here, where one individual in a room (other than the defendant) had actual possession of the gun.
New York courts seem to apply the rule that the People’s burden of proving constructive possession is sustained by showing that the defendant had ready access to the weapon or its storage place, and that he admitted owning or using the weapon. (People v Vastola, supra; People v Ledyard, 32 Misc 2d 714.)
In reviewing the law on constructive possession, it should be noted that some other jurisdictions impose a requirement of more than just knowledge of the presence of the weapon or mere presence in an area where a weapon is retrieved. Michigan courts require knowledge of the weapon’s location, proximity or access to it, and some indicia of control over it. (People v Davis, 101 Mich App 198, 300 NW2d 497 [1980].) To apply the doctrine of constructive possession in Illinois, there must be a showing that the defendant had the immediate and exclusive control of the area where the items were situated, and that the evidence shows that knowledge of the presence of the contraband may be *311 inferred. (People v Zentz, 26 III App 3d 265, 325 NE2d 40 [3d Dist 1975].) The State of Delaware requires the elements of availability and accessibility. (Mack v State, 312 A2d 319 [Del 1973].)
In applying the New York test of ready access and an admission of ownership, it cannot be said that the defendant herein was in “constructive” possession of the gun that Roberto Rodriguez was observed holding and throwing out of the window when the police entered the apartment.
The defendant did not live in the apartment, nor did he ever admit to owning or using the gun in question. To the contrary, he testified that he knew nothing about the gun. Although knowledge of the presence of the gun in question may be inferred by the evidence indicating that the defendant was in the same room when Rodriguez had the weapon in his hand, this alone cannot sustain the People’s heavy burden. There is no evidence that the defendant had any dominion or control over the weapon in Rodriguez’ physical possession. Nor was there evidence that it was available to him, or that he had access to it if he had so wished.
Although as stated before, possession need not be exclusive and the weapon may be jointly possessed by more, than one perpetrator even when actual possession is upon the person of another, the instant case is not a situation where constructive possession would apply and render the nonpossessor liable (such as the situation where one actor commands another to get a gun and pull the trigger). (See, People v Rivera, 77 AD2d 538 [1st Dept 1980].) No such evidence of dominion and control was present in this case, and even under the most favorable view of the evidence presented by the People, there has been a failure to demonstrate that the defendant had constructive possession of the gun.
Therefore, the motion for a trial order of dismissal, as to that count of the indictment charging the defendant with criminal possession of a weapon in the third degree, is hereby granted.